PER CURIAM.
Juvenile L.W., defendant below, appeals the denial of his motion to suppress evidence at an adjudicatory hearing following the filing of a Petition for Delinquency charging him with carrying a concealed weapon. The defendant entered a plea of nolo contendere, reserving the right to appeal the denial of his motion to suppress. The defendant was ultimately found to have committed the act charged, adjudication was withheld, and he was ordered placed in a program of community control under specified conditions. We reverse.
At approximately 10:55 on the night of February 19, 1988, a police officer pulled alongside a car occupied by four black males at a North Miami intersection. The defendant, L.W., was in the right rear seat and appeared nervous, according to the officer’s testimony. The car pulled away from the intersection slowly, travelling approximately 20 m.p.h. in a 35 m.p.h. zone, which led the officer to believe that the driver might be under the influence of alcohol or drugs. The officer also observed a temporary tag inside the rear window. He testified that he could not read the expiration date on the tag, and that he believed that Florida law requires that a temporary tag be displayed on the rear bumper. He also testified that, as he followed the car, the occupants continued to turn around to look at him. The officer decided to pull the car over and, having so decided, he then observed L.W. move in a manner which caused him to think that L.W. was hiding something under the rear seat. The officer called for backup. When he stopped the car, he checked the driver’s license and registration with the tag, and, while doing so, observed that the back seat was moved forward somewhat. The driver’s documents proved to be in order, and no traffic citations were issued. When backup finally arrived, the officer ordered all occupants out of the vehicle, lifted the rear seat, and found a loaded firearm under L.W.’s seat. All of the occupants of the car were arrested. The Petition was filed and, in due course, appellant’s motion to suppress was heard and denied by the court.
As far as the officer’s right to initiate or conduct an investigatory stop is concerned, the observations relied upon by the officer were not sufficient to form a founded suspicion that criminal activity existed. See Kehoe v. State, 521 So.2d 1094 (Fla.1988). We find that whatever justification the officer had to make the initial traffic stop, based upon his inability to read the tag’s expiration date, dissipated once the officer determined that the driver’s license and *525 registration documents were in order. At that point, L.W. should have been allowed to proceed on his way. The evidence derived from the search at issue should have been excluded, and the trial court erred in denying appellant’s motion to suppress.
REVERSED AND REMANDED.