559 So.2d 460 (1990)
David STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3483.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
*461 Richard L. Jorandby, Public Defender and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Sylvia H. Alonso and Alfonso M. Saldana, Asst. Attys. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
In considering appellant's motion for rehearing, it appears our original opinion may contain some language which may be misleading. While adhering to our per curiam affirmation but desiring to clarify that situation, the motion is hereby granted in part and the opinion now appearing in Stanley v. State, 15 F.L.W. 414, 1990 WL 11117 (Fla. 4th DCA Feb. 14, 1990), is hereby withdrawn. Substituted is the following opinion.
This case involves a familiar scenario. An officer made a valid stop of a vehicle for a traffic violation; a tag light not illuminated, the tag tilted and possibly expired. As he approached the vehicle, he shone his flashlight on the occupants and noticed a razor blade in the ashtray. As soon as the illumination was removed the passenger closed the ashtray with her foot. These actions aroused the officer's suspicions because a razor was commonly tied to cocaine use and the passenger's actions had been furtive. Therefore, he asked both occupants of the car to exit the vehicle. Appellant, the driver of the vehicle went round to the rear of his vehicle with the officer to examine the tag light. While waiting for the passenger to exit, the officer shone his flashlight in the vehicle as part of a search for weapons. As the passenger exited and the vehicle's interior was revealed, the officer observed what appeared to be part of a glass pipe, the type associated with cocaine use, protruding from under a washcloth. He subsequently conducted a warrantless, non-permissive search which confirmed his suspicions about the pipe. He arrested both occupants. A search incident to that arrest revealed narcotics. Appellant motioned to have the physical evidence as well as statements made by the passenger suppressed. The trial court denied the motion. Although it is a close call, viewing the facts most favorably to the trial court's ruling as must be done on review of a decision on a motion to suppress, McNamara v. State, 357 So.2d 410 (Fla. 1978), we affirm.
Once a motor vehicle has been lawfully detained for a traffic violation, the police officer may order the driver to exit the vehicle without violating the fourth amendment's proscription of unreasonable searches and seizures. Pennsylvania v. Mimms, 434 U.S. 106, 112, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977). This is a reasonable part of police procedure balancing the safety of the officer against the intrusion into the driver's personal liberty. Id.; State v. Chapel, 510 So.2d 1138, 1140 (Fla. 2d DCA 1987). Furthermore, when the police have a reasonable belief, an articulable suspicion, that the suspect poses a danger, and roadside encounters between police and suspects are especially hazardous, a protective search is justified. Michigan v. Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201 (1983). In the case at bar, the officer, experienced in narcotics situations, stopped the vehicle and noticed the razor blade, a common piece of narcotic paraphernalia, in the ashtray and the passenger's attempt to conceal it. His concern that contraband hidden within the vehicle might be destroyed while he was investigating the tag light led him to ask the occupants to exit the vehicle. This concern justified ordering the occupants of the vehicle to exit and the extremely limited search with the flashlight. This search revealed the protruding portion of the pipe, located in plain view and immediately recognizable *462 by the officer as a cocaine pipe, and strengthened the officer's suspicions concerning the possibility of narcotics involvement.
The test to determine the sufficiency of probable cause leading to a search and seizure is whether the facts and circumstances within the officer's knowledge are sufficient to warrant in a person of reasonable caution, the belief that an offense has been committed. Benefield v. State, 160 So.2d 706, 708 (Fla. 1964). In the case at bar, while the existence of the razor blade was alone insufficient to meet this standard, when coupled with the officer's experience in cocaine situations, the passenger's furtive suspicious attempts at concealment and the officer's inadvertent observance of the partially protruding pipe, immediately apparent to the officer as contraband, amounted to a sufficient factual basis to sustain a finding of probable cause leading to a valid search and arrest.
WALDEN and POLEN, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I would reverse on the authority of L.W. v. State, 538 So.2d 523 (Fla. 3d DCA 1989).