584 So.2d 1124 (1991)
Antonio COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2897.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
*1125 Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order denying appellant's motion to suppress physical evidence. We reverse and remand.
While Deputy Hart was patrolling a dimly lit area on Westgate Avenue in West Palm Beach, he observed a Cadillac heading eastbound with no visible tag, stopped the vehicle, and asked the driver for her license and vehicle registration, both of which were in order. After speaking with the driver, Hart saw that the vehicle did in fact have a temporary tag that had been lying flat in the back window.
At the suppression hearing, Deputy Hart testified that appellant, a passenger seated in the back seat, made him "nervous" because he was "bouncing back and forth from the front to the back." Hart was unsure whether he ever asked appellant to stop moving around. Although he had no reason to think that appellant was in possession of any cocaine, he asked appellant to step out of the vehicle because appellant was not "sitting still." Hart stated that he feared for his own safety; he could tell by "instinct" that "something was up." Appellant was stepping out of the car when the backup officer, Deputy Buckley, arrived. Buckley asked appellant to put his hands up on the car because appellant was "flighty," he was "not the normal." Before appellant put his hands on the car, he took out a baggy and threw it to the ground. The officers later determined that the baggy contained cocaine.
The trial court ruled that once the officer determined that the tag was proper, "but for [appellant]'s conduct," Hart should have abandoned the entire episode. Based upon Hart's description of the way appellant was acting, the trial court ruled that Hart had reasonable grounds to believe that "he might be in jeopardy for his own safety." Therefore, the trial court denied appellant's motion to suppress.
The state amended its charge to simple possession of cocaine, and appellant entered a plea of no contest, specifically reserving his right to appeal the denial of his motion to suppress. The court withheld adjudication and placed appellant on probation for a term of eighteen months. The instant appeal followed.
We find the case factually indistinguishable from L.W. v. State, 538 So.2d 523 (Fla. 3d DCA 1989), and factually distinguishable from this court's decisions in Stanley v. State, 559 So.2d 460 (Fla. 4th DCA 1990), and Snelling v. State, No. 90-2163, slip op. ___ So.2d ___ (Fla. 4th DCA Aug. 28, 1991). In Stanley, the police officer stopped the vehicle and noticed both a razor blade, a common piece of narcotics paraphernalia, in the ashtray and the passenger's attempt to conceal it. The officer's concern that contraband hidden within the vehicle might be destroyed justified ordering the occupants out of the vehicle and conducting an extremely limited flashlight search. Stanley, 559 So.2d at 461. In Snelling, the officer stopped the defendant's vehicle and was advised of a possible outstanding warrant. The police dispatcher later informed the officer that the outstanding charge involved a weapon. Therefore, the officer had reason to believe that the appellant was dangerous and might gain control of weapons within the car and was justified in ordering the appellant to sit in the rear of the police car while she checked the portion of the car within immediate reach of the driver's seat. Snelling, slip op. at 3-4. In the instant case, there was no indication that appellant possessed either weapons or narcotics. Deputy Hart did not observe any furtive movement or unusual bulge; rather his fear and suspicions were aroused solely by appellant's rocking movements.
We have not ignored the officer's testimony of fear for his safety, nor have we disregarded our concern for that safety about which we have expressed ourselves in other decisions. Nevertheless, it is incumbent upon a reviewing court to examine the facts  aside from such statement  in the light of a citizen's constitutional protection. We are less likely to lose such *1126 protection by cataclysm as we are by erosion in a case by case progression.
GLICKSTEIN, C.J., concurs.
ANSTEAD, J., concurs specially with opinion.
WALDEN, JAMES H., Senior Judge, dissents without opinion.
ANSTEAD, Judge, concurring specially.
I agree with the majority that this case is similar to L.W. v. State, 538 So.2d 523 (Fla. 3d DCA 1989). Here, the officer stopped a vehicle being driven by a woman friend of appellant's because there was no visible license plate on the vehicle. The vehicle was not being operated in any improper manner. The officer approached the driver on her side of the car, confirmed that she had a proper license and registration, including a proper temporary license plate that was visible through the rear window. All was in order. However, instead of sending the car on its way, the officer walked around to the other side of the vehicle, where he observed that the defendant was acting nervous and "not sitting still." It was at that point, and based upon his concern over appellant's nervous conduct that the officer ordered appellant out of the car. The Third District held in L.W. that similar circumstances simply did not provide the officer with the legally required articulable suspicion to order the defendant out of the car.