588 So.2d 1014 (1991)
Sanon V. JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
Raymond FRANCOIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-00775, 89-00778.
District Court of Appeal of Florida, Second District.
October 11, 1991.
Rehearing Denied November 21, 1991.
Ronald N. Toward, Bartow, for appellant Joseph.
Lawrence D. Shearer and Thomas A. McDonald of McDonald & Shearer, Lakeland, for appellant Francois.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker and Joseph R. Bryant, Asst. Attys. Gen., Tampa, for appellee.
PATTERSON, Judge.
Because both of these appeals arise from the same facts and are disposed of by a single common issue, we consolidate them for the purpose of this opinion. After conviction and sentence, Francois and Joseph appeal from the denial of their motions to suppress cocaine found in their vehicle after a traffic stop. We reverse.
On July 6, 1988, Trooper Gregory Hennis of the Florida Highway Patrol observed a 1978 Toyota driven by Joseph and owned by the passenger, Francois. The right taillight lens was missing and the vehicle was *1015 traveling at less than the posted speed limit. Hennis pulled the vehicle over and observed that Francois was not wearing a seat belt. The driver, Joseph, exited the vehicle, approached the trooper, and produced a valid Virginia driver's license. Hennis then requested the vehicle registration and proof of insurance. Francois hurriedly exited the vehicle and approached Hennis while looking in his wallet. Francois produced a valid registration and proof of insurance. Hennis then engaged in conversation with Joseph, regarding his destination, his occupation, and the reason for wearing a beeper on his belt. During this conversation, Hennis was writing a correction card regarding the taillight lens. Trooper William D. Kemp, together with his K-9 unit "Charlie," then arrived on the scene. Hennis handed the correction card to Joseph and approached Francois, who was again seated in the car. Hennis asked for Francois' driver's license and advised he was going to issue a citation for failure to wear the seat belt. Kemp then engaged Francois in conversation, obtained the driver's license which he handed to Hennis, and returned to his patrol car to remove Charlie. As Kemp and Charlie approached the Toyota, Francois and Joseph stepped in the way shouting, "You can't do that." Hennis asked to search the vehicle, but Francois denied permission. Kemp and Charlie circumvented Francois and the dog alerted to two locations on the car. Joseph and Francois fled in different directions, Francois being apprehended shortly thereafter.[1] Upon search, a large quantity of cocaine was found in the Toyota.
The appellants contend that the traffic stop was pretextual and that their detention at the scene, which allowed time for the dog to sniff out contraband, was illegal.
As to the first issue, the stop was not pretextual. Section 316.221, Florida Statutes (1987), requires that a motor vehicle have two taillights emitting a red light. The appellants' vehicle was in obvious violation of this section and the officer was well within his authority to make the stop. See Hansbrough v. State, 509 So.2d 1081 (Fla. 1987); Lemon v. State, 580 So.2d 292 (Fla.2d DCA 1991). Hennis in fact testified that he had made stops for the same violation on "hundreds" of prior occasions.
We do, however, agree that the appellants' continued detention at the scene was illegal, thereby rendering the subsequent search of the vehicle improper.[2] Clearly the intention of Hennis, a felony officer, and Kemp was to conduct a dog sniff of the Toyota during the course of the traffic stop detention.[3] This tactic was frustrated by Francois, who stepped between Kemp, Charlie, and the vehicle, blocking their path. At this point, a second and new detention of the appellants occurred. Hennis physically removed Francois from the dog's path and stated that at this instant both Joseph and Francois were in custody and not free to leave. He based the detention on his suspicion they were "in the process of committing a crime, a felony." Hennis admitted that in reaching this conclusion he relied on a drug courier profile. He did not give the specifics of the profile other than to say that Joseph and Francois being Haitians did not affect his judgment.
We have carefully considered all that Hennis observed and can find no articulable *1016 evidence of criminal wrongdoing which can justify the appellant's detention beyond the issuance of the traffic citations. The orders denying the motions to suppress of Joseph and Francois are therefore reversed. The judgments and sentences entered herein are set aside and both cases are remanded for further proceedings consistent with this opinion.
Reversed and remanded with instructions.
SCHEB, A.C.J., and RYDER, J., concur.
NOTES
[1] For reasons unknown, Joseph contacted the highway patrol station the next day to request the return of his passport and some personal items. He was invited to drop by the station to pick them up, whereupon he was arrested.
[2] The appellants contend that the protracted time consumed by Hennis to issue two minor citations was improper. The law is clear that the length of a traffic stop detention cannot exceed the time necessary to issue the citation. See Cresswell v. State, 564 So.2d 480 (Fla. 1990); State v. Anderson, 479 So.2d 816 (Fla. 4th DCA 1985). Although it is fair to conclude Hennis's slow-moving approach to issuing the citations was calculated to give Kemp time to arrive rather than to accomplish the task at hand, it is not necessary for us to decide this close question.
[3] The use of a sniff dog during the normal course of a traffic stop does not constitute a search or seizure. United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Williams, 565 So.2d 714 (Fla. 3d DCA 1990).