592 So.2d 1230 (1992)
Bruce DUNBAR, F/K/a Michael Dunbar, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02118.
District Court of Appeal of Florida, Second District.
January 29, 1992.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Acting Chief Judge.
We reverse defendant's convictions and sentences for trafficking in cocaine and possession of cannabis. We agree with his contention that the trial court erred in denying defendant's motion to suppress the drugs found in defendant's automobile by officers after the automobile was stopped. The search was conducted during an illegal detention.
The stop occurred because defendant's automobile was making a noise. The officer asked defendant about the noise, and, after checking the defendant's license and registration, found them to be in order and returned them to defendant. No citation was issued. The officer then told defendant he was free to go and wished him luck on his journey. In fact, the officer agreed *1231 with defense counsel that when the officer handed the documents back to the defendant, he was "done with [his] business" relating to the initial stop, he was "satisfied that there was ... nothing wrong with the vehicle that necessitated it remaining at the scene ...", and that "it was safe for [the defendant] to go ahead and leave in the vehicle."
Thereafter, the officer called to the defendant, who had started to return to the automobile, and requested permission to conduct a search of the automobile. The officer stated that if defendant refused, a drug-sniffing dog would be used.
Notwithstanding the "request" the defendant was obviously detained because he was not free to go. The officer had no articulable evidence of criminal activity to justify the detention of defendant after the officer had been satisfied that no traffic violation had occurred and that defendant's documents were in order. The continued detention of defendant thereafter was illegal, thus rendering illegal the search. See Joseph v. State, 588 So.2d 1014 (Fla.2d DCA Oct. 11, 1991). See also Cresswell v. State, 564 So.2d 480 (Fla. 1990).
The convictions are reversed. Defendant shall be discharged.
FRANK and PATTERSON, JJ., concur.