592 So.2d 1263 (1992)
James BLUE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-03111, 90-03118.
District Court of Appeal of Florida, Second District.
February 7, 1992.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
*1264 FRANK, Acting Chief Judge.
James Blue appeals from the denial of his motion to suppress on the ground that the lengthy detention following his stop was not justified by founded suspicion. We reverse.
Blue was a passenger in a car observed by Detective Unwin of the Charlotte County Sheriff's Department. Unwin noted that red cloth or tape covered a broken tail light, and he stopped the vehicle. At the suppression hearing Unwin testified that the driver leaned forward as if trying to conceal something. As Unwin was obtaining the driver's license and registration, Blue exited the vehicle, tying his sweat pants which he wore over shorts. Unwin thought Blue might be trying to conceal something. He stated that he was concerned for his safety, and he requested a canine unit because he suspected that Blue and the driver might have drugs.
The stop took place at approximately 9:10 in the evening. The driver would not consent to a search of the car, and the canine unit arrived at about 10:00. The dog sniffed the vehicle but did not alert to the presence of drugs. At that point, forty-five minutes after the initial stop and after the canine sniff was negative, Unwin took his flashlight and shined it into the car. Through the windshield he could see a revolver on the floorboard of the passenger's side. He opened the door and retrieved the gun, and then searched the interior, where he found a shotgun wrapped in a jacket on the floor in the back. The officer also found gloves and masks in the front seat.
Blue and the driver were arrested for carrying a concealed firearm. At some point Unwin issued the driver a citation for faulty vehicle equipment.
The issue in this case is whether the lengthy detention was legal. Although the initial stop was valid, Unwin did not articulate any reason for the extensive detention. In order to conduct an investigatory stop, an officer must have a founded suspicion that criminal activity exists. Kehoe v. State, 521 So.2d 1094 (Fla. 1988). If, after a valid stop, an officer possesses a reasonable, as opposed to a mere or bare, suspicion that criminal activity is afoot, he can validly detain the defendant. Cresswell v. State, 564 So.2d 480 (Fla. 1990). If the officer's suspicion is not well-founded, a "proper stop cannot enlarge the length of detention for the stop should be no longer than it takes to write out the traffic citation." State v. Anderson, 479 So.2d 816, 818 (Fla. 4th DCA 1985). See also L.W. v. State, 538 So.2d 523 (Fla. 3d DCA 1989).
In this case the officer saw the driver make a furtive movement. Blue also made a "hiding" motion as he adjusted his pants. Such is the extent of Unwin's observations. The behavior does not give rise to a founded suspicion of criminal activity. Although Unwin stated that he feared for his safety, his articulation of the facts does not reveal a basis for that concern. If anything, his testimony revealed his prime thought  Blue and his companion might be carrying illegal drugs. At any rate, his fear for his safety should have dissipated during the 45-minute detention.
This case is similar to our recent case of Joseph v. State, 588 So.2d 1014 (Fla. 2d DCA 1991), in which we concluded:
We have carefully considered all that [the officer] observed and can find no articulable evidence of criminal wrongdoing which can justify the appellant's detention beyond the issuance of traffic citations.
Accordingly, the order denying Blue's motion to suppress is reversed; and the judgment and sentence entered against him are set aside. This case is remanded to the trial court for further proceedings consistent with this opinion.
THREADGILL and PARKER, JJ., concur.