PATTERSON, Judge.
The appellant seeks the reversal of his judgment and sentence for possession of cocaine. He challenges the denial of his motion to suppress cocaine found during a warrantless search of his person. We reverse.
On January 6, 1991, Officers Zuercher and Shinn of the Lakeland Police Department pulled in behind the appellant’s car in the drive-through lane of a hamburger restaurant. After a few minutes, the officers noticed that the appellant was slumped over his steering wheel. Concerned for the appellant’s safety, the officers approached the vehicle. In response to several inquiries by Zuercher as to whether he was all right, the appellant “woke up” mumbling. After the appellant “woke up,” Zuercher asked him for identification. While reaching over to his glove compartment for the registration, the appellant picked up a piece of paper, which was folded into a small opaque square, and put it in his left-front pants pocket. The appellant then provided his driver’s license and registration, which were in order. On the officer’s request, the appellant got out of his car and performed field sobriety tests. The appellant passed each sobriety test. According to Zuercher, the appellant was “very cooperative.” Zuercher testified that at that point “the defendant was free to leave after I ascertained that he was OK.”
Nonetheless, Zuercher ordered the appellant to turn around and place his hands on his head. The officer reached into the appellant’s pocket and pulled out the folded piece of paper, which contained rock cocaine. Zuercher did not ask the appellant for consent to search him, nor did the officer suspect that the appellant had a weapon. The appellant had explained to the officer that he had fallen asleep while waiting in the drive-through lane.
Absent a well-founded suspicion of criminal activity, continued detention is illegal once a police officer accomplishes the purpose of a traffic stop. Cresswell v. State, 564 So.2d 480 (Fla.1990). Here, once Zuercher determined that the appellant was fit to drive, his continued detention and warrantless search were illegal. See Blue v. State, 592 So.2d 1263 (Fla.2d DCA 1992) (extensive detention after initial valid stop illegal because observations did not give rise to founded suspicion when driver made furtive movement and defendant made “hiding” motion as he adjusted his pants); Dunbar v. State, 592 So.2d 1230 (Fla.2d DCA 1992), and Joseph v. State, 588 So.2d 1014 (Fla.2d DCA 1991) (continued detention and search illegal when officer had already accomplished purpose of the stop).
Furthermore, the officer’s observation of the folded-up square of paper did not give him probable cause to search the appellant. See Caplan v. State, 531 So.2d 88, 92 (Fla.1988) (absent some other objective element, observation of opaque containers, such as hand-rolled cigarette papers, does not establish probable cause to search), cert. denied, 489 U.S. 1099, 109 S.Ct. 1577, 103 L.Ed.2d 942 (1989). Once *587 the appellant passed the field sobriety tests, the officer’s initial concerns had been dispelled, and Zuercher had a mere suspicion when he seized the folded-up square of paper from the appellant.
Thus, the trial court erred in denying the appellant’s motion to suppress.
Reversed.
LEHAN, C.J., and RYDER, J., concur.