STATE

v.

Miguel SOARES.

No. 94–159–C.A.

Supreme Court of Rhode Island.

Oct. 24, 1994.

Jeffrey Pine, Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., for plaintiff.

John D. Lynch, Warwick, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing both the state and the defendant, Miguel Soares, to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from a denial of his motion to suppress packets of heroin seized on his person. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

On October 8, 1990, two members of the Rhode Island State Police were monitoring traffic at Thurbers Avenue in Providence. While one of them was issuing a ticket to a driver for a traffic violation, the other observed a vehicle bearing Massachusetts registration plates pass another vehicle in an unsafe manner. He signaled the operator to stop, and as he approached the car, he observed a large dog in the car in addition to the operator and another person sitting in the rear seat. The officer asked the operator to step out of the car, and the operator produced a license and registration. The officer asked if he could identify the passenger sitting in the rear seat. The operator said he could not, that he had met the passenger on the street that day in Fall River and had agreed to drive the man to Providence for $10.

The officer then asked the passenger to step out of the car. He did so. He was wearing only bathing trunks. As he came out of the car a small glassine bag, which appeared to contain a powdery substance, fell out of his bathing trunks. The officer observed a suspicious bulge in the trunks and conducted a pat-down search. At that point defendant volunteered that he had more heroin and removed twenty-two more packets from the front of his trunks. The defendant was placed under arrest, and the operator was cited and released.

On appeal defendant first argues that the initial stop of the vehicle was illegal, that no traffic laws had been violated by the operator of the car.

The fact is that the operator was cited for a violation of G.L.1956 (1982 Reenactment) § 31-15-4, which regulates passing on the left. Relying on the officer's testimony about what he observed, we determine that the officer was acting well within his authority. The defendant also argues that this was a "pre-textual stop" under *United States v. Guzman*, 864 F.2d 1512 (10th Cir.1988). The facts of this case do not come close to those in *Guzman*. Here the trooper was not aware of defendant's presence until he approached the vehicle.

■ The defendant next argues that ordering defendant to step out of the car constituted an illegal seizure. In *State v. Jenison*, 442 A.2d 866, 873–74 (R.I.1982), we stated:

"Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a reasonable person's belief that a crime has been committed and that the person to be arrested has committed the crime."

The rather bizarre events described by the officer would certainly give rise to probable cause as soon as the passenger alighted from the vehicle and dropped the glassine bag of a powdery substance, which appeared to be contraband.

In *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), the United States Supreme Court held that police officers can order the operator of a car stopped for a traffic offense to get out of the vehicle. The Court noted that this de minimis intrusion was justified by concern for the officer's safety. The Court did not address the status of passengers in that case. The next year in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Court noted "Last [t]erm, this Court determined in *Pennsylvania v. Mimms*, 434 U.S. 106, * * * that passengers in automobiles have no Fourth Amendment right not to be ordered from their vehicle once a proper stop is made." 439 U.S. at 155 n. 4, 99 S.Ct. at 436 n. 4, 58 L.Ed.2d at 409 n. 4 (Powell, J. concurring). Later, in *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the Supreme Court commented on *Mimms* as follows:

"[W]e held [in *Mimms* ] that [the] police may order *persons* out of an automobile during a stop for a traffic violation * * *. Our decision rested in part on the 'inordinate risk confronting an officer as he approaches a person seated in an automobile.'" 463 U.S. at 1047–48, 103 S.Ct. at 3480, 77 L.Ed.2d at 1218–19.

In *Long* the Court was apparently recognizing that the same dangers presented by the driver of a car during a traffic stop also arise from other persons seated in the car.

Because a passenger, while seated in a car with hands out of view presents as much a danger to a police officer as does the driver, we are of the opinion that the reasoning in *Mimms* should be extended to apply to any occupants of vehicles stopped for any valid reason. In this case, the officer's request of this defendant to step out of the car was reasonable and permissible under *Mimms* and *Long*. What followed after the defendant alighted from the vehicle fully comported with all the constitutional rights of the defendant.

For these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.