649 So.2d 888 (1995)
Louis Keith POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03387.
District Court of Appeal of Florida, Second District.
January 25, 1995.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Louis Keith Powell appeals his convictions for possession of cocaine, possession of cannabis, and possession of drug paraphernalia, arguing that the trial court erred in denying his motion to suppress. We agree and reverse.
The following evidence was adduced at the hearing on the motion to suppress. Officer Heiman testified that informants told him that drugs were being sold from a trailer. Heiman watched the trailer and saw a pickup truck go to the end of the street, turn around, and back up to the end of the street. The truck's passenger exited and went into the trailer for two or three minutes. The man got back into the truck and left. Heiman radioed this information to Officers Cumbess and Allen. Allen saw the truck moving toward Cumbess's location and relayed this information to Cumbess. Cumbess followed the truck in his patrol car and *889 saw that there was no visible tag on the vehicle. He testified that he stopped the truck, being driven by Powell, because of a suspected drug transaction and the tag violation. Although Cumbess's testimony was somewhat equivocal, taken as a whole, Cumbess realized that the vehicle had a temporary tag before he retrieved his K-9 from the patrol car. The dog alerted to the truck, and Cumbess searched the vehicle and found marijuana, cocaine, and a pipe.
The trial court denied the motion to suppress, finding that the officers had probable cause to believe that the defendant was in possession of illegal substances or, in the alternative, that the traffic stop was valid. We conclude that the trial court erred because the officers did not have a founded suspicion or probable cause to believe that Powell possessed drugs before the dog alerted to the vehicle. Further, although the stop initially was valid, the validity of the stop ended before the use of the K-9 unit.
The only indication of drug activity which the officers possessed concerning the truck was that Powell stopped his vehicle near a trailer where the officers knew drug dealing occurred, his passenger went into the trailer, and the passenger returned to the truck in a few minutes. These circumstances do not constitute a founded suspicion of drug dealing. See Hewlett v. State, 599 So.2d 757 (Fla. 2d DCA 1992) (no founded suspicion when officers observed pickup truck with lights out parked off street in immediate vicinity of property of known drug dealer at 4:00 a.m. with three males standing next to truck which drove away when driver spotted officers); Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988) (no founded suspicion when officers observed defendant with clenched fists in a high-crime area with known drug dealer).
Cumbess testified that he could not observe a tag on the truck. He, therefore, had a valid reason to stop the truck. See § 320.0607(1), Fla. Stat. (1991). The record concerning what transpired after the initial stop is somewhat vague. Cumbess could not remember the exact sequence of events but testified that it was possible that he knew Powell displayed a temporary tag before he retrieved the K-9 unit. It is clear from Cumbess's testimony that once he stopped the vehicle, no matter what event transpired subsequent to the initial stop, he would have conducted an exterior search with the K-9 unit because, Cumbess testified, he did so in virtually all traffic stops.
A continued detention is illegal if the reason for the initial stop is resolved. See Dunbar v. State, 592 So.2d 1230 (Fla. 2d DCA 1992); Joseph v. State, 588 So.2d 1014 (Fla. 2d DCA 1991). We recognize that the testimony in this case is not as clear as the evidence in Dunbar and Joseph that the reason for the initial stop was resolved, but the uncertainty in the instant case is because Cumbess was unable to state the sequence of events even though defense counsel repeatedly questioned him on the sequence. It must be remembered that the state had the burden of proof to show the validity of the warrantless search. See Mann v. State, 292 So.2d 432 (Fla. 2d DCA 1974). The state did not carry its burden in this case. Nonetheless, Cumbess's admission that he may have known that Powell displayed a temporary tag before he conducted the exterior search is sufficient to conclude that the validity of the stop ended before the retrieval of the dog. We conclude that Powell should have been allowed to leave once the officer determined that he had a valid temporary tag. See L.W. v. State, 538 So.2d 523 (Fla. 3d DCA 1989). Thus, the continued detention was illegal, and the fruits of the search conducted after the unlawful detention should have been suppressed. We, therefore, reverse the trial court's order denying the motion to suppress and remand this case to the trial court.
FRANK, C.J., and THREADGILL, J., concur.