SCHWARTZ, Chief Judge.
R.H. pled nolo to possession of cocaine, reserving the right to review of the denial of his motion to suppress the contraband. We reverse the consequent adjudication of delinquency because the motion should have been granted.
R.H. was the right-front seat passenger in a vehicle stopped by a Metro-Dade police officer, Edward Orenstein, ostensibly for “rolling through” a stop sign, after the officer saw the four Caucasian youths in the car speaking with an African-American man in an inner city area. The officer gave the driver a warning about the stop sign offense and a citation for violating a driver’s license glasses requirement. During this process, R.H. continued to mouth off at the officer, loudly complaining that he and his friends were being unjustifiably harassed. Apparently fed up with the abuse, Officer Oren-stein finally ordered R.H. out of the car. As he emerged in response to the command, he dropped a clear plastic bag of cocaine on the ground. We conclude that the cocaine was unconstitutionally secured because the police order which resulted in its discovery was invalid.
We may assume arguendo (as we are inclined to believe).that the initial stop, following as it did the officer’s observation of a traffic violation, was not pretextual. See State v. Daniel, 665 So.2d 1040 (Fla.1995); Kehoe v. State, 521 So.2d 1094 (Fla.1988). It is also widely held that, just as he may the driver, see Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); State v. Williams, 371 So.2d 1074 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 771 (Fla.1980), an officer may order a passenger from *872 a lawfully stopped vehicle as a protective measure for his own safety, without any additional evidence of wrongdoing or danger. See Doctor v. State, 573 So.2d 157 (Fla. 4th DCA 1991), rev’d on other grounds, 596 So.2d 442 (Fla.1992). See generally State v. Landry, 588 So.2d 345, 347 (La.1991); People v. Martinez, 187 Mich.App. 160, 466 N.W.2d 380, 383-84 (1991), appeal denied, 439 Mich. 935, 480 N.W.2d 106 (1992); People v. Robinson, 74 N.Y.2d 773, 775, 543 N.E.2d 733, 733-34, 545 N.Y.S.2d 90, 91 (1989), cert. denied, 493 U.S. 966, 110 S.Ct. 411, 107 L.Ed.2d 376 (1989); State v. Soares, 648 A.2d 804, 806 (R.I.1994). Even if these authorities, however, correctly reflect the law — which we need not directly hold — they do not apply in this case. This is simply because safety had nothing to do with the command in question. Unlike the officers involved in many of the cited cases, Orenstein did not even suggest that it did. More important, he did not initially make such an order and never disturbed the two rear-seat passengers at all. It is therefore obvious that the order was issued to R.H. alone only because of his “hostile attitude.” This is not constitutionally enough.
Although perhaps de minimis, see Mimms, 434 U.S. at 111, 98 S.Ct. at 333, an order to exit a vehicle is a Fourth Amendment seizure, see Popple v. State, 626 So.2d 185 (Fla.1993); Cooper v. State, 584 So.2d 1124 (Fla. 4th DCA 1991), which must be supported — in the absence of a valid safety concern — by a founded suspicion of criminal activity which did not exist here. See also Evans v. State, 546 So.2d 1125 (Fla. 3d DCA 1989) (order to remove hands from pocket is seizure). Thus, in the almost identical situation presented in Cooper, the court suppressed contraband dropped by a passenger who had been ordered out of a properly stopped vehicle because his erratic actions provided no reasonable basis either for the officer’s professed concerns for his safety or for a suspicion of unlawful conduct. This ease is even weaker both because Orenstein did not testify to any such motivation and because R.H.’s verbal abuse, however obnoxious, was not only not unlawful, but was affirmatively protected by the First Amendment. See B.R. v. State, 657 So.2d 1184 (Fla. 1st DCA 1995); L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995), and cases cited; see also Popple, 626 So.2d at 185.
Reversed.