PER CURIAM.
Douglas S. Alvar appeals the denial of his dispositive motion to suppress. Alvar challenges both the initial stop of his car and the continued detention after the justification for the initial stop had ended. Albeit questionable, we need not resolve the issue of the initial stop because the continued detention was clearly illegal. The trial court erred in denying the motion to suppress and, accordingly, we reverse.
While responding to a dispatch call regarding a residential burglary at an apartment complex, a Sarasota police officer observed Alvar’s ear exit the complex’s parking lot. The officer followed Alvar and initiated a stop of Alvar’s car. Alvar stopped his car and cooperated with the officer. The officer verified the information relating to Alvar’s driver’s license and confirmed that the car was registered to Alvar and that there were no outstanding warrants for Alvar. In response to the officer’s questions, Alvar explained that he had been visiting a friend in the complex and provided the friend’s name. At this point, the officer had no reason to continue to detain Alvar and should have released him. See Powell v. State, 649 So.2d 888, 889 (Fla. 2d DCA 1995).
Because the evidence connecting Alvar with the residential burglary was obtained after the stop became illegal, the trial court erred in denying Alvar’s motion to suppress the evidence. Accordingly, we reverse and remand with directions to the trial court to discharge Alvar.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and BLUE and DAVIS, JJ., Concur.