777 So.2d 1094 (2001)
Marice BILLIPS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-171.
District Court of Appeal of Florida, Third District.
January 24, 2001.
Rehearing Denied February 28, 2001.
*1095 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, and Zhierlynn Mae Kelly, Certified Legal Intern, for appellee.
Before LEVY, GODERICH, and RAMIREZ, JJ.
RAMIREZ, J.
Marice Billips appeals her conviction and sentence entered after a jury verdict finding her guilty of obstruction of justice because she refused to exit her car when asked to do so by the police. We affirm.
On May 30, 1999, a fight broke out at a Key West nightclub. When the police responded, at least one individual who had been involved in the fight was unconscious, receiving CPR treatment. The police were told that the assailants had left the scene in a distinctive Chevy Impala with large chrome rims on the tires, and a BOLO report about the car and its occupants was transmitted over the Key West Police Department radio system.
Later that night, other officers on routine patrol saw a car matching the BOLO description on a Key West street and pulled it over. Billips was driving the car, but the four males who had been described in the BOLO were not inside.[1] When they approached the car after the stop, the officers explained to Billips that the car that she was driving was a potential crime scene that they wanted to process for evidence. At that point, Billips became verbally abusive, repeatedly refusing to exit her car when requested to do so. After several minutes of trying to convince Billips to exit the car, the officers finally decided to remove her forcibly. In the process of her removal, Billips punched one of the officers, elbowed another and otherwise physically resisted the officers.
Billips argues on appeal that these facts do not establish the charge of obstruction of justice under section 843.02, Florida Statutes (1999) because the officers were not engaged in the lawful execution of a legal duty when they asked her to exit the vehicle. We disagree. Based on the BOLO, the officers had probable cause to believe that the vehicle Billips was driving had been used to leave the scene of a possible homicide and were thus justified in seizing the vehicle as evidence in their investigation of the crime. But, even if probable cause did not exist to seize the vehicle at the time of the traffic stop, the officers were still legally justified in ordering Billips to exit the vehicle in order to conduct a limited investigation, and her refusal to do so clearly obstructed their investigation. See Pennsylvania v. Minims, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977)(officers conducting routine, lawful traffic stop may order driver out of vehicle for limited investigation, *1096 even absent reasonable suspicion that the defendant was engaged in criminal activity, without running afoul of the Fourth Amendment).
While perhaps an argument could be made that a citizen does not have to cooperate with the police if that citizen reasonably believes that the officers are not engaged in the lawful execution of a legal duty, cf. Popple v. State, 626 So.2d 185 (Fla.1993)(order to exit vehicle is an illegal seizure absent reasonable suspicion of criminal activity); R.H.v. State, 671 So.2d 871 (Fla. 3d DCA 1996)(same), Billips went far beyond simply refusing to cooperate. She had to be forcibly removed from the car, and, in the process, she struck the officers with her fists and elbows. We believe that the evidence was sufficient to support her conviction of obstruction of justice in this case.
Affirmed.
NOTES
[1] Billips does not dispute that the car she was driving when stopped by the police was the unique vehicle described in the BOLO.