853 So.2d 479 (2003)
John Sebring BLACKWELDER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4878.
District Court of Appeal of Florida, Second District.
July 11, 2003.
Rehearing Denied August 5, 2003.
*480 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
John Sebring Blackwelder appeals the trial court's denial of his motion to suppress. Because the trial court erred in denying the motion, we reverse and remand for discharge.
Officer Henry Smith of the Frostproof Police Department stopped Blackwelder's vehicle at 1:00 a.m. because Officer Smith could not see a tag on the vehicle. As Officer Smith approached the vehicle from behind, he saw a temporary tag displayed in the rear windshield. After seeing the tag, he made contact with Blackwelder, who said that he had lost his wallet. Blackwelder initially gave an incorrect name to the officer. Later, Blackwelder gave his correct name, and Officer Smith discovered that Blackwelder's driver's license had expired. Officer Smith arrested Blackwelder who ultimately was charged with possession of cocaine, possession of drug paraphernalia, giving false identification to law enforcement, driving without a license, and possession of methamphetamine.
Blackwelder filed a motion to suppress, which the trial court denied. Blackwelder then entered a plea to all five charges and reserved the right to appeal the denial of the dispositive motion to suppress.
This case is controlled by State v. Diaz, 850 So.2d 435 (Fla. 2003), in which the Florida Supreme Court affirmed this court's opinion in Diaz v. State, 800 So.2d 326 (Fla. 2d DCA 2001). The facts of Diaz are similar to the facts of the instant case. In Diaz, an officer stopped a vehicle because the officer could not read a portion of a temporary tag. 850 So.2d at 480. As the officer approached the vehicle, the officer determined the tag was valid, but the officer continued the stop and obtained information that led to the arrest of Diaz for felony driving with a suspended license. Id.
The Florida Supreme Court held that upon determining that the tag was valid, the officer could no longer detain the driver. Id. at 480. The court stated that "once a police officer has totally satisfied the purpose for which he has initially stopped and detained the motorist, the officer no longer has any reasonable grounds or legal basis for continuing the detention of the motorist." Id. at 480. Any continued detention constitutes an infringement of Fourth Amendment rights. Id. The only allowable personal contact an officer could make with the driver would be to explain the reason for the initial stop. Id. at 480.
Likewise in the instant case, once the officer approached Blackwelder's vehicle and determined that Blackwelder was displaying a valid tag, he could no longer detain Blackwelder. Because the officer continued to detain Blackwelder, the trial court should have granted Blackwelder's *481 motion to suppress. Since the motion was dispositive, we reverse and remand for discharge on all five counts.
Reversed and remanded for discharge.
SALCINES and VILLANTI, JJ., Concur.