KELLY, Judge.
The State appeals from the trial court’s order granting Joyce Rivers’ motion to suppress evidence found during a search of her car incident to arrest. The trial court’s order found that the officer’s continued detention of Rivers’ car after determining her temporary tag was valid was illegal. The State argues that the officer was justified in detaining Rivers based on an outstanding arrest warrant. We agree and reverse.
A police officer was on routine patrol when he stopped Rivers’ car because he did not see a license plate. As the officer approached the vehicle, he noticed a temporary tag in the rear window, but he could not read the numbers. The temporary tag, which was valid, was hanging off the window. The officer walked up to Rivers, intending to tell her the reason for the stop and to ask her to tape the tag on the window so that it was visible from outside the car. When the officer saw Rivers, he immediately recognized her from a prior encounter. He arrested her based on his knowledge that there was an outstanding warrant for her arrest.
During the search incident to arrest, the officer found cocaine in the car. Rivers was charged with possession of cocaine. She moved to suppress the evidence, alleging that the detention was illegal. The trial court granted Rivers’ motion on the basis that the officer illegally continued the traffic stop beyond the time that was necessary to investigate Rivers’ temporary tag.
The Florida Supreme Court recently addressed this issue in State v. Diaz, 850 So.2d 435 (Fla.2003). In that case, a police officer made a stop of Diaz’s car because he was unable to read the expiration date on the temporary tag. Before making contact with the driver, the officer discovered that the tag was valid but continued the detention to obtain additional information. The supreme court reversed Diaz’s resultant conviction for felony driving with a suspended license because, once the officer was satisfied that the temporary tag was valid, “he was without probable cause, reasonable or articulable suspicion, or any other type of cause to believe or consider that any violation had occurred or was occurring.” Id. at 437. The only allowable personal contact an officer could make with the driver after determining that the tag was valid would be to explain the reason for the initial stop. Id. at 440. See also Blackwelder v. State, 853 So.2d 479 (Fla. 2d DCA 2003).
This case is distinguishable from Diaz because, here, the officer did not continue the traffic stop on the basis of the temporary tag, but on his independent knowledge of the outstanding warrant. His initial contact with Rivers to explain the reason for the stop was permissible. Thereafter, his recognition of Rivers supplied the probable cause to justify her continued detention. Because the search of her car was incident to a lawful detention and arrest, we reverse the order granting the motion to suppress and remand for further proceedings.
Reversed and remanded.
FULMER and DAVIS, JJ., Concur.