# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1112
Lower Tribunal No. 23-MM-198-A-K
_____

**Catherine Montgomery,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Monroe County, Albert L. Kelley, Judge.

Michael Ufferman Law Firm, P.A., and Michael Ufferman and Laurel Cornell Niles (Tallahassee), for appellant.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before EMAS, SCALES and GOODEN, JJ.

PER CURIAM.

Affirmed. See Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6 (1977) (holding that "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches"); Maryland v. Wilson, 519 U.S. 408, 413-14 (1997) (holding "the rule of Mimms applies to passengers as well as to drivers," and explaining that the rationale for allowing passengers to be ordered out of the vehicle "is in one sense stronger than that for the driver. . . . [T]he passengers are already stopped by virtue of the stop of the vehicle. The only change in their circumstances which will result from ordering them out of the car is that they will be outside of, rather than inside of, the stopped car. Outside the car, the passengers will be denied access to any possible weapon that might be concealed in the interior of the passenger compartment. It would seem that the possibility of a violent encounter stems not from the ordinary reaction of a motorist stopped for a speeding violation, but from the fact that evidence of a more serious crime might be uncovered during the stop. And the motivation of a passenger to employ violence to prevent apprehension of such a crime is every bit as great as that of the driver."); Brendlin v. California, 551 U.S. 249, 258 (2007) ("It is also reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let

2

people move around in ways that could jeopardize his safety. In <u>Maryland v. Wilson</u>, 519 U.S. 408 (1997) we held that during a lawful traffic stop an officer may order a passenger out of the car as a precautionary measure, without reasonable suspicion that the passenger poses a safety risk. In fashioning this rule, we invoked our earlier statement that '[t]he risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation.'") (quoting <u>Michigan v. Summers</u>, 452 U.S. 692, 702-703 (1981) (internal citations omitted)); <u>see also</u> <u>Billips v. State</u>, 777 So. 2d 1094, 1095 (Fla. 3d DCA 2001) (affirming conviction for resisting officer without violence, and finding police were engaged in lawful execution of legal duty when they asked defendant to exit vehicle based on a BOLO: "[T]he officers were [] legally justified in ordering Billips to exit the vehicle in order to conduct a limited investigation, and her refusal to do so clearly obstructed their investigation."); <u>D.N. v. State</u>, 805 So. 2d 63, 65 (Fla. 3d DCA 2002) ("[T]o protect officer safety, a law enforcement officer conducting a traffic stop may order any passenger, as well as the driver, to exit the vehicle during the traffic stop." (citing <u>Wilson</u>, 519 U.S. at 414-15) ("While there is not the same basis for ordering the passengers out of the car as there is for ordering the driver out, the additional intrusion on the passenger is minimal. We therefore hold that an officer making a traffic stop

3

may order passengers to get out of the car pending completion of the stop."))); Aguiar v. State, 199 So. 3d 920, 928 (Fla. 5th DCA 2016) (observing that the "societal expectation of unquestioned police command" would be "at odds with any notion that a passenger would feel free to leave, or to terminate the personal encounter any other way, without advance permission" (quoting Brendlin, 551 U.S. at 258)).