650 So.2d 100 (1995)
STATE of Florida, Appellant,
v.
David Choi BERNARD, Appellee.
No. 94-00006.
District Court of Appeal of Florida, Second District.
January 27, 1995.
*101 Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellant.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellee.
FULMER, Judge.
The state appeals an order that suppressed evidence seized during a traffic stop and dismissed the charges that had been filed against David Choi Bernard. In its order, the trial court determined that "officers Mitchell and Stanton having stopped the defendant for speeding and observing a firearm case in his vehicle, were not justified in searching the vehicle and/or the defendant for weapons to ensure their safety, as they did not have a reasonable suspicion the defendant was involved in any criminal activity." Because the record reflects no unlawful activity by the police, we reverse the trial court's order and direct that the charges be reinstated.
The following facts are undisputed. Around 12:15 p.m., Officers Mitchell and Stanton lawfully stopped the defendant for speeding. Officer Mitchell approached the defendant's car on the passenger side and observed a nylon bag next to the driver's seat. Based on his experience and training, he recognized the bag as a gun bag. He told Officer Stanton, who was standing by the driver's door, that there was most likely a firearm in the car. Concerned for their safety, Officer Stanton asked the defendant to exit the car so they could remove him from possible access to a firearm. Officer Stanton asked the defendant to produce his driver's license, registration and insurance while Officer Mitchell retrieved the black nylon bag and found that it contained a firearm with two fully loaded magazines. Officer Mitchell then spoke with the defendant while Officer Stanton returned to the vehicle and looked through the driver's side to make sure there were no other weapons. Officer Stanton testified that when the driver's door was open, he observed two marijuana cigarettes on the floorboard and some tubing and a hemostat in the driver's door panel.
Officer Mitchell testified that when he began talking with the defendant, he noticed that the defendant was wearing a large hip bag. It was bulging and appeared to be very heavy. Since he had previously recovered firearms from hip bags and had already found one firearm in the car, Officer Mitchell was concerned that there might be another weapon in this bag, which was close to the defendant's hands and was accessible by a zipper. Officer Mitchell asked the defendant if he had any weapons in the bag, and the defendant responded, "You're just looking for weapons, right?" Officer Mitchell answered, "Why, do you got drugs in there?" The defendant said, "Yeah," and opened the hip bag revealing a bag of marijuana. Officer Mitchell then removed the bag and turned it over to Officer Stanton. Other items which were eventually seized that night included a stiletto knife from the hip bag and an unauthorized driver's license from the defendant's wallet. In addition, the firearm which had been found in the gun bag was seized because it was determined, from a criminal history check, that the defendant was a convicted felon.
The defendant argued before the trial court, and in his brief, that the officers could not lawfully order him out of the car and *102 search for a weapon because they had no probable cause to believe that he was illegally carrying a concealed weapon. He cites section 790.25(5), Florida Statutes (1993), and cases defining when one may possess, without a license, a properly encased weapon.[1] He further argues that, since the gun bag was in plain view, the officers had no reasonable belief that the defendant posed a danger to them. These arguments lack both logic and legal basis. Whether a firearm is possessed legally or illegally, it is still a firearm, the presence of which poses a threat to the safety of any person who could be injured or killed if it were used.
Turning to the law that governs this case, we first note that, once a vehicle has been lawfully stopped, a police officer may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). The issue remaining is whether the officers needed to have a "reasonable suspicion the defendant was involved in any criminal activity," as the trial court concluded, in order to search for a weapon. They did not.
In Terry v. Ohio, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889, 908 (1968), the Supreme Court observed:
When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.
In Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the Supreme Court extended the principles articulated in Terry to uphold a protective search of the passenger compartment of a car. The Court concluded that:
Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect. These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on `specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. See Terry, 392 U.S., at 21, 88 S.Ct., at 1880. `The issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' Id., at 27, 88 S.Ct., at 1883.
Long, 463 U.S. at 1049-1050, 103 S.Ct. at 3480-3481.
The Florida Supreme Court followed Long in State v. Dilyerd, 467 So.2d 301 (Fla. 1985), and upheld the validity of a search for weapons under the passenger seat of a car. In Dilyerd, while investigating a possible trespass to property, an officer observed a car with two male occupants. When the officer shined his spotlight into the car, the passenger leaned forward and appeared to do something with his hands on the floorboard. The occupants were ordered from the car and the officer searched under the passenger seat in order to determine if a weapon had been concealed. A vial of cocaine was discovered. The defendant moved to suppress the cocaine on the ground that the search and seizure were illegal because there was no warrant or probable cause to believe a crime had been committed. The defendant also argued that *103 the search could not be justified because both occupants had been removed from the vehicle.
The court applied the holding in Long by setting forth two questions: (1) was the stop itself justified and, (2) did the deputy possess a reasonable belief based on specific and articulable facts, along with rational inferences, which justified his belief that the occupants of the car were dangerous and might gain control of weapons within the car. The court determined that the answer to each question was yes. Responding to the argument that the officers needed probable cause to arrest prior to searching for a weapon, the court stated:
[I]t is clear from Long that where a justifiable stop places an officer's safety in question, vehicular searches are not based on probable cause or intent to make an arrest. Police officers may conduct a limited search of the passenger compartment of a car `if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the natural inferences from these facts, reasonably warrant" the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.'
Id. at 304 (quoting Long, 463 U.S. at 1049, 103 S.Ct. at 3481). The court also noted that Long rejected the argument that removing persons from the car removes the danger to the police. Id.
As in Dilyerd, many cases involve a situation where the actions of a person who has been stopped create probable cause to believe that there "may" be a weapon on or near that person. The principles of Terry and Long authorize a limited protective search for weapons to neutralize the threat of physical harm. Where an officer observes a gun bag next to the driver of a vehicle and is, therefore, fairly certain that the driver may have easy access to a weapon, the officer is justified in being concerned for his safety.
While our decision does not rest upon the following conclusions, we point out that the evidence seized is admissible on other grounds. The marijuana and drug paraphernalia in the car were observed in plain view by the officer when the defendant was asked to step out of his car. As already noted, the officers were justified in asking the defendant to exit his car simply because they had lawfully stopped the vehicle. The appearance and location of the defendant's hip bag support Officer Mitchell's inquiry regarding whether the defendant had any weapons in the bag. This inquiry was not a search. In response to the inquiry, the defendant voluntarily opened the bag which revealed the marijuana sitting on top of the other things in the bag. The discovery of these items of contraband would have subjected the defendant to arrest, subsequent to which his entire vehicle and person could have been searched. Under the doctrine of inevitable discovery, all the items seized would be admissible. See Maulden v. State, 617 So.2d 298 (Fla. 1993).
Reversed and remanded for further proceedings consistent with this opinion.
PARKER, J., concurs.
FRANK, C.J., concurs in result only.
NOTES
[1] Responding to a similar argument made by the defendant in Michigan v. Long, 463 U.S. 1032, 1052, n. 16, 103 S.Ct. 3469, 3482, 3482, n. 16, 77 L.Ed.2d 1201, 1222 (1983), the Supreme Court stated: "Assuming arguendo that Long possessed the knife lawfully, we have expressly rejected the view that the validity of a Terry search depends on whether the weapon is possessed in accordance with state law."