HARRIS, Judge.
Jamal Powell appeals the trial court’s refusal to suppress the cocaine found in his pocket after he was ordered to exit the vehicle during a road-side stop. We affirm.
Powell was a passenger in a vehicle stopped because the license tag did not match the vehicle on which it was placed. When the driver indicated that the vehicle was owned by Powell, because Powell was loud and fidgeting around inside the vehicle, the officer asked him to exit the vehicle before asking him any additional questions. As the officer was attempting to conduct a security pat-down, Powell’s pocket in his baggy shorts gaped open revealing a clear plastic bag containing several smaller bags containing a white substance which the officer, because of his experience and training, believed to be, and ultimately proved to be, cocaine.
We agree with the trial court that the concern of the officer for the safety of himself and the passenger warranted the order for Powell to exit the vehicle. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). The cocaine, visible in Powell’s gaping pocket, was thus subject to seizure.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.