962 So.2d 971 (2007)
Andrea Jean ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-3794.
District Court of Appeal of Florida, First District.
July 26, 2007.
*972 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Andrea Jean Andrews (Appellant) appeals the trial court's denial of her dispositive motion to suppress evidence. Because the police performed a lawful traffic stop and properly ordered the occupants of the vehicle, including Appellant, to get out, whereupon the contraband evidence was observed in plain view on Appellant's person, we determine that the trial court correctly denied the motion to suppress. Accordingly, we affirm Appellant's conviction and sentence.
The State's information charged Appellant with one count of possession of cocaine and one count of possession of drug paraphernalia, a smoking device. At the suppression hearing, the trial court heard testimony that on January 27, 2006, Richard *973 Riley, who is a special agent with the Air Force Office of Special Investigations and a sworn federal law enforcement officer, was investigating the desertion of Cody Wynkoop, who was suspected of involvement with cocaine at a local military base and resided off-base. A DD Form 553, which is an armed-forces warrant for deserters or absentees, was issued for Mr. Wynkoop. That investigation led Special Agent Riley and the Fort Walton Beach police to Mr. Wynkoop's residence. Surveillance at that residence had disclosed at least two vehicles parked on the premises, one of which was a red Hyundai. When the special agent and the police arrived at Mr. Wynkoop's residence on the date of the incident, no vehicles were present. The authorities knocked on the door and announced themselves as law enforcement, but no one opened the door. As the officers (who were dressed in clearly identifiable law-enforcement attire) stood in the yard and contemplated what to do next, the previously identified red Hyundai approached the residence but, 50-60 yards away, turned abruptly in a different direction. The authorities had observed this vehicle at Mr. Wynkoop's residence a short time earlier. Believing that the residence was unoccupied and that Mr. Wynkoop, a federal fugitive, was inside the red Hyundai, the officers pursued the vehicle and stopped it after a high-speed chase.
After effecting the traffic stop, Detective Spinella approached the four-door Hyundai and immediately observed Mr. Wynkoop hiding on the back seat beneath some clothes and under the front passenger's seat, which was fully reclined. After announcing that "our guy" was found, an officer drew his gun, pointed it at Mr. Wynkoop, and asked him to exit the vehicle. Special Agent Riley arrested Mr. Wynkoop and took him to the police car. Appellant was the driver of the Hyundai.
As Mr. Wynkoop was taken away, Detective Spinella ordered Appellant and the occupant of the front passenger's seat to exit the vehicle for safety reasons. Appellant was directed to the front end of the vehicle, and her hands were placed on the hood as a female agent watched her. After all the occupants of the vehicle were secured, the female agent indicated to Detective Spinella that a "crack" cocaine pipe was protruding and plainly visible from Appellant's rear pocket. The detective retrieved the pipe and observed obvious residue on it. Appellant was arrested.
In her motion to suppress, Appellant asserted that the officers lacked any lawful basis to stop the Hyundai. On appeal, Appellant appears to have abandoned that position. Instead, she contends that once the officers removed Mr. Wynkoop from the vehicle, the purpose of the stop was met; and that any further detaining of Appellant and ordering her to exit the driver's seat was illegal, so that the officers' observation and retrieval of the pipe constitutes the "fruit" of an illegal detention. See Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The record disclosed that the agent did not observe the contraband pipe until Appellant got out of the car. The trial court concluded that the officers had a lawful basis to stop the Hyundai because of their reasonable suspicion that a military deserter was hiding inside the vehicle; that the officers were reasonably concerned about the safety of everyone involved, given the presence of a hidden fugitive; and that it was reasonable under the circumstances to order the occupants of the car to get out.
Although the trial court's determination of historical facts is presumed correct, we, the reviewing court, have an "obligation to independently review mixed questions of fact and law of constitutional *974 magnitude"; no presumption arises as to the ultimate denial of the motion to suppress, over which we have de novo review. See Connor v. State, 803 So.2d 598, 607-08 (Fla.2001); Butler v. State, 706 So.2d 100, 101 (Fla. 1st DCA 1998). That is, we must "independently review mixed questions of law and fact that ultimately determine constitutional issues arising in the context of the Fourth and Fifth Amendments and, by extension, article I, section 9 of the Florida Constitution." Connor, 803 So.2d at 608. It is the trial court's decision, not its particular reasoning, that is presumed correct, and that ruling will be affirmed if any basis in the record exists for doing so. See Caso v. State, 524 So.2d 422, 424 (Fla. 1988).
Appellant does not challenge the legality of the traffic stop itself. The officers had a reasonable suspicion that criminal activity was afoot; therefore, they were authorized to perform an investigatory stop. See § 901.151(2), Fla. Stat. (2005); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "During the course of an investigatory stop, the police are entitled to take such action as is reasonable under the circumstances." Carroll v. State, 636 So.2d 1316, 1318 (Fla.1994). In carrying out their investigation after the Hyundai was lawfully stopped, the officers were authorized to order all the occupants of the vehicle to exit, pending the completion of the investigatory stop. See Maryland v. Wilson, 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); State v. Bernard, 650 So.2d 100 (Fla. 2d DCA 1995). The trial court accepted the State's testimony that the officers were reasonably concerned about the personal safety of everyone involved, given their observation of a suspected federal fugitive hiding in the back of the car. It was appropriate under the circumstances for the authorities to order the occupants to stand outside the vehicle and to keep their hands observable and out of their pockets until the scene was secured. See D.N. v. State, 805 So.2d 63, 66 (Fla. 3d DCA 2002) (on mot. for reh'g); Powell v. State, 682 So.2d 1244 (Fla. 5th DCA 1996). Given the evidence that the officers believed they had apprehended a military deserter in the vehicle, it mattered not whether they had a reasonable suspicion or probable cause to believe that Appellant had committed a crime. See Wilson, 519 U.S. at 414-15, 117 S.Ct. 882; Billips v. State, 777 So.2d 1094 (Fla. 3d DCA 2001). Appellant did not contest the fact that a drug pipe was observed protruding from her pants pocket after she was ordered out of the vehicle. The officers' presence at the location where the observation was made was justified; therefore, retrieval of the contraband pipe provided probable cause to arrest Appellant. See Reid v. State, 898 So.2d 248 (Fla. 4th DCA 2005); Derrickson v. State, 399 So.2d 100, 101 (Fla. 1st DCA 1981).
When the trial court denied the dispositive motion to suppress, Appellant reserved her right to appeal the denial of the motion. She then entered a no-contest plea and was sentenced to concurrent terms of two years of probation and one year of probation. The conviction and sentence are AFFIRMED.
BARFIELD and ROBERTS, JJ., concur.