PER CURIAM.
Appellant, Central Plaza Bank and Trust Company, was served with a writ of garnishment directing the bank to satisfy a judgment in favor of Charles Sales Corporation against L. E. Parker. The bank immediately placed a “hold” on the regular *736 checking account and savings account of L. E. Parker in the joint names of L. E. Parker or Susan Ann Parker. There were, however, two other Parker accounts in the bank, specifically, one in the name of “Parker & Sons,” and another called “Parker & Sons Payroll Account.” These latter accounts did not have a “hold” placed on them. Not having been notified that two of the accounts had been garnished, the appellee deposited several thousand dollars into the accounts and wrote checks, many of which were dishonored. Appellee also borrowed $1,500 from the bank without knowledge of garnishment proceedings and deposited these funds into the accounts. Appellee ass.erts that suppliers and customers were lost and that much of his labor force left due to the dishonoring of their payroll checks. Having improperly failed to garnish all of the accounts, the bank was forced to pay $2,088.24 of its own money to compensate the garnishor.
The bank then brought suit against L. E. Parker to recover the funds that it had paid out for Parker’s benefit. The trial judge entered an order in favor of appel-lee, L. E. Parker, finding that the bank “acted not only mistakenly but negligently in allowing deposits and withdrawals in the accounts of the defendant subsequent to the service of the writ of garnishment, and this action makes the return of the parties to their legal and financial position before the transactions impossible.”
We believe the bank was negligent in not properly garnisheeing all of appel-lee’s accounts and in not notifying the ap-pellee of the garnishment until nearly a month later. Furthermore, the bank cannot rely upon any alleged fear of liability for improperly garnisheeing the wrong accounts since Florida Statutes, § 77.06(3) protects the bank from any such liability.
Even though the bank was dilatory or negligent in garnisheeing the accounts, we would still be inclined to accept the argument of unjust enrichment on the appel-lee’s part if both parties could be returned to the status quo by a simple return of the money which the bank is out-of-pocket. See Automotive Tire Service, Inc. v. First National Bank of Arizona, Phoenix, 102 Ariz. 512, 433 P.2d 804 (1967). Nevertheless, we must accept the trial judge’s finding that this is not presently possible since there is sufficient evidence in the record to support such a finding. Such being the case, it cannot truly be said that the appel-lee here was "enriched unjustly or otherwise, nor can it be said appellee suffered recoverable damages in excess of the benefits he received when the bank satisfied the judgment.
Affirmed.
MANN, C. J., and HOBSON, J., concur.
SCHWARTZ, ALAN R., Associate Judge, specially concurs.