HUBBART, Judge.
This is an appeal by a garnishee bank from an adverse final judgment entered in a garnishment proceeding after a non-jury trial. The central issue presented for review is the extent of a garnishee bank’s liability to a garnishor creditor when (1) a proper writ of garnishment is served on the garnishee bank, and (2) an incomplete answer is thereafter filed which omits one of two accounts held at the bank by the defendant debtor, but which answer is later corrected by an amended answer. We hold that under Section 77.06(1), Florida Statutes (1983), the garnishee bank is liable to the garnishor creditor for all monies deposited in the omitted bank account between (a) the time the writ of garnishment is served, and (b) the time the garnishee bank files an amended answer disclosing the existence of the omitted bank account. We accordingly affirm the final judgment under review which correctly reached this result.
I
The relevant facts of this case are as follows. On July 14, 1983, Stephen W. Chase II [“garnishor creditor Chase”] filed a motion for a writ of garnishment against Jim Gore [“defendant debtor Gore”] in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The motion requested that the clerk of the circuit court issue a writ of garnishment directed to the Dixie National Bank of Dade County [“garnishee Dixie Bank”] and stated that: (1) on June 2, 1983, the garnishor creditor Chase received a final judgment against the defendant debtor Gore in the amount of $48,473.50, and (2) the said defendant has visible property on which levy could be made to satisfy the above judgment.
On July 14,1983, the same day the above motion was filed, the clerk of the circuit court issued a writ of garnishment directing the garnishee Dixie Bank to file and serve an answer within 20 days
*1354 “stating whether the [g]arnishee [Dixie Bank] is indebted to [defendant, JIM GORE at the time of the answer or was indebted at the time of service of the [w]rit, or at anytime between such times, and in what sum and what tangible and intangible personal property of the [defendant the [g]arnishee has in its possession or control at the time of the answer or had at the time of service of this [w]rit, or at anytime between such times, and whether the [g]arnishee knows of any other person indebted to the [defendant or who may have any of the property of the [defendant in (its, his/her) possession or control. The amount set in [p]laintiff’(s) motion is [f]orty-eight [t]housand [fjour [hjundred [s]eventy-three and 50/100 ($48,473.50).”
On July 15, 1983, at 3:13 P.M., the above writ of garnishment was served on the garnishee Dixie Bank.
On July 20, 1983, the garnishee Dixie Bank served by mail its answer to the writ of garnishment on the garnishor creditor Chase which answer was filed with the circuit court five days later. The answer stated:
“Garnishee is indebted to the defendant, JIM GORE, in the amount of $32.86 and it was so indebted to said [d]efen-dant at the time of service of this writ, at the time of this [ajnswer and between such period and it knows of no person indebted to said defendant, or who may have any of the effects of said defendant in their hands.”
This disclosure was based on a bank account in the name of “Jimmy Gore” held at the garnishee Dixie Bank; the signator card for this account was signed by “Jimmy Gore” as sole signator and owner of the account; no other disclosure was made of any other account at the said bank — although, without dispute, the defendant debtor Gore held another bank account with the garnishee Dixie Bank entitled “Diamond M,” account no. 0210001735. The signator card for this account was signed— like the first account — by “Jimmy Gore” as sole signator and owner of the account. The garnishee Dixie Bank had failed to discover and list the latter account in its answer due to an error in its records search. It further appears that the garnishee Dixie Bank garnished or put a hold on the disclosed bank account upon its service of the above answer, but failed to take the same action with reference to the omitted bank account.
After a reply was filed to this answer, the garnishor creditor Chase secured the service of a second writ of garnishment on the garnishee Dixie Bank which was identical to the first writ except that writ referred to the defendant as “Jim (Jimmy) Gore or any business entities or accounts in which he has an interest or over which he has signatory authority.” This writ was issued on February 17, 1984, by the clerk of the circuit court and was served on the garnishee Dixie Bank on February 22, 1984 at 3:15 P.M. On March 6, 1984, the garnishee Dixie Bank served an answer by mail to this second writ of garnishment which was for all relevant purposes identical to its answer to the first writ of garnishment — except that the amount now on hand in the disclosed bank account had shrunk from $32.86 to $5.04. Again, the answer failed to disclose the existence of the omitted bank account held by the defendant debtor Gore at the said bank. This answer was subsequently filed two days later with the clerk of the circuit court.
On April 13, 1984, subsequent to the filing of a reply to the above-stated answer, the garnishee Dixie Bank filed with the clerk of the circuit court and served by mail an amended answer to the above two writs of garnishment in which it disclosed for the first time the existence of the above-stated, omitted bank account held at the bank by the defendant debtor Gore. The amended answer to the first writ of garnishment incorporated the original answer which had been previously served on July 20, 1983, and added the following:
“At the time of the service of the [w]rit of [garnishment (July 15,1983) or at any time between the service of the [w]rit and the time of the filing [serving] of the [a]nswer (July 20, 1983), [g]arnishee was additionally indebted to [defendant in the amount of $275.00, as reflected in *1355 account titled Diamond [account [n]o. 21000173500: ‘M’ under
The amended answer to the second writ of garnishment incorporated the original answer which had previously been served on March 6, 1984, and added the following:
“At the time of the service of the [w]rit of [garnishment (February 22, 198[4]) or at any time between the service of the [w]rit and the time of the filing of the [a]nswer (March 6, 198[4]), [g]arnishee was additionally indebted to [defendant in the amount of $65.63, as reflected in account titled Diamond ‘M’ under [a]ccount [n]o. 21000173500.”
For the first time, the garnishee Dixie Bank garnished or put a hold on this heretofore omitted bank account of the defendant debtor Gore.
Unfortunately for the parties to this appeal — and herein lies the immediate reason for the subject controversy — the defendant debtor Gore deposited a total of $13,870.61 in the above omitted bank account, and then withdrew most of it, between the time the first writ of garnishment was served on the garnishee Dixie Bank [July 15, 1983] and the time the amended answer was served [April 13, 1984] which disclosed the existence of the omitted account. The defendant debtor Gore had only $65.63 in the omitted account by the time the bank’s amended answer was served and the account garnished.
The cause was tried below as a non-jury matter in which the above-stated facts were established. The trial court thereupon entered a final judgment in garnishment in favor of the garnishor creditor Chase and against the garnishee Dixie Bank in the amount of $13,870.61. The garnishee Dixie Bank appeals.
II
The central point on appeal raised by the garnishee Dixie Bank is that the trial court erred in entering a judgment against it for all funds deposited with the said bank in the omitted bank account by the defendant debtor after the bank had served its first incomplete answer to the first writ of garnishment. It is contended that the bank’s liability for any monies deposited in the omitted account is limited to those funds which came into the account between (a) the time of the service of the first writ.of garnishment [July 15, 1983] and (b) the time the bank served its first incomplete answer thereto [July 20, 1983] plus any monies which came into the said account between (a) the time of service of the second writ of garnishment [February 22, 1984], and (b) the time the bank served its second incomplete answer thereto [March 6, 1984] — admittedly, a rather nominal amount of money, to wit: $340.63. The garnishee Dixie Bank also concedes that it is liable on the properly disclosed bank account in the amount of $37.90 so that its total liability to the garnishor creditor Chase is $378.53 — rather than the $13,-870.61 judgment entered against it by the trial court. This contention is urged notwithstanding the bank’s admitted failure to disclose or garnish the omitted bank account until service of the amended answer [April 13, 1984] when the said account was first disclosed and garnished. In order to evaluate this basic position, it is necessary to consult the applicable statutory and case law on the subject.
We begin with Chapter 77 of the Florida Statutes (1983), which sets out the governing statutory law in Florida on garnishment proceedings. Section 77.06(1), Florida Statutes (1983), in particular, establishes the extent of a garnishee’s liability to the garnishor for debts owed by the garnishee to the defendant debtor:
“(1) Service of the writ [of garnishment] shall make garnishee liable for all debts due by him to defendant ... at the time of the service of the writ or at any time between the service and the time of his answer.”
Upon filing its answer to a writ of garnishment, the garnishee is further required to garnish or retain any deposit of the defendant debtor which the garnishee holds.[1] *1356 However, the amount of monies or credits so garnished may not exceed twice the amount owed by the defendant debtor to the garnishor creditor as specified in the writ of garnishment.[2] Finally, the garnishee is fully protected from any suit for funds reported in its answer and garnished where the garnishee has a good faith doubt as to whether such funds should be reported and retained.[3]
Obviously, this statutory scheme contemplates full disclosure in the garnishee’s answer of all debts owed by the garnishee to the defendant debtor and a simultaneous garnishment of said funds so as to fully protect the garnishor creditor in collecting on a debt due him by the defendant debtor. The garnishee is also protected against possible liability for its actions in serving an answer and garnishing funds so long as it acts in good faith. Plainly, this scheme contemplates full disclosure in the garnishee’s answer of all debts owed by garnishee to the defendant debtor and an immediate garnishment on all such indebted funds in the possession of the garnishee. The statutory scheme cannot tolerate incomplete answers wherein only some of the debts owed are disclosed and garnished. If such answers were permissible, as the garnishee Dixie Bank contends, there would be little incentive to file complete answers; moreover, undisclosed funds would plainly remain ungarnished and could be spirited away by the defendant debtor — all to the detriment of the garnishor creditor and contrary to entire purpose of the statutory scheme.
It therefore follows that under Section 77.06(1), Florida Statutes (1983), the garnishee is liable to the garnishor creditor (a) for all debts which the garnishee owes to the defendant debtor at the time the writ of garnishment is filed, and (b) for all such similar debts incurred by the said garnishee between service of the said writ and the time the garnishee serves an answer thereto disclosing all such debts owed and properly garnishes all the debtor’s funds held by the garnishee. Specifically, we conclude that the term “answer” in the above statute means a complete answer revealing all debts owed by the garnishee to the defendant debtor. Cases in other jurisdictions have reached an identical, if not harsher result, based on similar-type garnishment statutes.[4] Moreover, the Second District has implicitly recognized this result to be the law of Florida by even denying a garnishee bank the right to recover from the defendant debtor the monies the bank was required to pay to the garnishor creditor for omitting an account in the bank’s answer and in failing to garnish the said account. Central Plaza Bank & Trust Co. v. Parker, 300 So.2d 735 (Fla. 2d DCA 1974).
Ill
Turning to the instant case, we have no trouble in concluding under the above-stated law that the trial court was entirely correct in entering judgment for the gar-nishor creditor Chase in the amount of $13,870.61. This sum represents the *1357 amount of money deposited into the defendant debtor’s account at the garnishee Dixie Bank between (a) the time the first writ of garnishment was served [July 15, 1983], and (b) the time the garnishee bank served an amended answer disclosing for the first time the existence of the above-stated account [April 13,1984]. Under Section 77.06(1), Florida Statutes (1983), this sum represents the full extent of the garnishee Dixie Bank’s liability on this account to the garnishor creditor Chase. The final judgment under review is therefore, in all respects,
Affirmed.

. Section 77.06(2), Florida Statutes (1983), specifically so provides:
"(2) [The garnishee] shall report in its answer and retain, subject to the provisions of s. 77.19 and subject to disposition as provided in *1356 this chapter, any deposit ... in the possession or control of such garnishee."

. Section 77.19, Florida Statutes (1983), specifically so provides:
"No garnishee who is indebted to or has in his possession the money of a person whose money or credits may be garnished shall retain out of the money more than double the amount which the writ of garnishment specifies as the amount plaintiff expects to recover or more than double the amount of the judgment plaintiff has recovered.”

. Section 77.06(3), Florida Statutes (1983), specifically so provides:
"(3) In any case where a garnishee in good faith is in doubt as to whether any indebtedness or property is required by law to be included in the garnishee’s answer or retained by it, the garnishee may include and retain the same, subject to the provisions of s. 77.19 and subject to disposition as provided in this chapter, and in such case the garnishee shall not be liable for so doing to the defendant or to any other person claiming the same or any interest therein or claiming to have sustained • damage on account thereof.”

.See, e.g., Bell v. West, 241 Ark. 89, 406 S.W.2d 316 (1966); Sweeny Bank v. Ritchie, Hopson & Associates, 628 S.W.2d 175 (Tex.App. 14th DCA 1982); American Express Co. v. Monfort Food Distributing Co., 545 S.W.2d 49 (Tex.Civ.App. 14th DCA 1976).