THOMPSON, Judge.
Sun Bank/North Florida National Association (Sun Bank) appeals a final judgment which found that it failed to honor a writ of garnishment and awarded the damages sustained by Bisbee-Baldwin Insurance Company (Bisbee-Baldwin) as a result of Sun Bank’s failure to honor the writ of garnishment. Sun Bank contends the trial court erred in finding that it was negligent in not properly garnishing all of the accounts of Bartlett Trailer and Equipment, Inc. (Bartlett) held by Sun Bank, including Bartlett’s payroll account. We affirm.
On September 9, 1988, Bisbee-Baldwin recovered a final judgment against Bartlett in the amount of $15,264.65. Bartlett made several installment payments toward the final judgment by checks drawn on a Sun Bank account. Bartlett thereafter defaulted on the payment which caused Bisbee-Baldwin to file and serve upon Sun Bank a writ of garnishment on Bartlett’s Sun Bank accounts.
On January 20, 1989, at 2:25 p.m., Bis-bee-Baldwin served the writ upon Sun Bank garnishing Bartlett’s general account. On January 23, 1989, Sun Bank served its answer of garnishee stating that Bartlett held two accounts; a general account which had a balance of $1,509.75, and a payroll account which had a balance of $12,902.99. On January 24, 1989, Sun Bank served an amended answer of garnishee which stated at the time of the service of the writ of garnishment the general account balance was $5,075.20 and the payroll account balance was $12,902.99. The amended answer further stated that the $12,902.99 in the payroll account had been transferred at noon on January 20, 1989, from the general account for the purpose of covering the already disbursed payroll checks and thus was not available to be garnished pursuant to the writ of garnishment served on January 20 after the transfer.
*352 At a hearing held March 6, 1989, Sun Bank stated that the amended answer was incorrect and offered testimony to show that the $12,902.99 on deposit in the payroll account was actually the proceeds of a loan from a revolving line of credit that Bartlett has with the Sun Bank and that the funds had been deposited to that account on January 20 at noon, for the purpose of covering Bartlett’s payroll. The payroll checks were already disbursed on January 19, therefore, there were payroll checks clearing against the payroll account by January 20. Sun Bank took the position that the account was set up for the specific purpose of paying the payroll and was not related to the general funds of Bartlett.
A final judgment was rendered March 9, 1989, pursuant to the writ of garnishment, against Sun Bank in the amount of $14,-412.74, specifically finding that the sums on deposit in both the payroll account and the general account were subject to the writ and not protected. Sun Bank filed a motion for rehearing or new trial which was subsequently denied, and this appeal followed.
Sun Bank contends all funds on deposit in the payroll account are funds loaned by Sun Bank to Bartlett for the specific and sole purpose of covering the payroll checks issued by Bartlett and primarily disbursed on January 19, 1989. Sun Bank further contends that the funds were held in a special account in the nature of a trust for the benefit of third parties, and were not subject to the writ of garnishment served by Bisbee-Baldwin on January 20, 1989. We do not agree.
If the payroll account was a true trust account, it would not be subject to garnishment as one of Bartlett’s business accounts. However, the evidence in this case completely fails to show that the payroll account was in fact a trust account. It lacked most, if not all, of the requirements of a trust. There was no settlor, no trustee, no beneficiary, nor any expressed intent to create a trust. The mere designation of the account as a payroll account is wholly insufficient to create a valid legal trust. Webster v. St. Petersburg Federal Savings & Loan Association, 155 Fla. 412, 20 So.2d 400 (1945).
There is competent substantial evidence to support the court’s finding that the writ of garnishment was properly served at 2:25 p.m., January 20; that at that time there were sums available in Bartlett’s business accounts to satisfy the final judgment; and that Sun Bank failed to honor the writ and elected to use the sums on deposit in Bartlett’s payroll account to fund its payroll in preference to the writ. The trial court correctly held that a bank which does not properly garnish or “hold” all of a depositor’s business accounts is negligent and is liable to the plaintiff for the damages it sustains as a result of that negligence. Central Plaza and Trust Company v. Parker, 300 So.2d 735 (Fla. 2d DCA 1974).
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.