609 So.2d 151 (1992)
STATE of Florida, Appellant,
v.
Terrence BASS, Appellee.
No. 91-2684.
District Court of Appeal of Florida, Fifth District.
December 4, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellee.
*152 HARRIS, Judge.
The State appeals the suppression of 24 packages of cannabis and a hundred dollars of United States currency found in a plastic bag underneath the steering wheel of a vehicle being driven by Terrence Bass. We reverse.
Bass was stopped for a traffic check because the temporary tag on his vehicle was not sufficiently visible for the officer to determine whether it had expired. Once Bass was stopped and the officer approached the vehicle, the officer could see that the temporary tag was valid. Nevertheless, he asked to see Bass's driver license and registration. While Bass was looking for his registration, a K-9 officer came to the scene. The dog alerted for the presence of drugs and the subsequent search revealed the cannabis and currency.
Once the defendant was legally stopped, the use of a sniff dog was not an unconstitutional search under the Fourth Amendment. United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Taswell, 560 So.2d 257 (Fla. 3d DCA 1990). The trial judge suppressed the evidence because in this case there was no traffic violation. We find that immaterial. The trial judge found specifically "Certainly, Officer Fontana appropriately exercised his jurisdiction by stopping the vehicle with a temporary tag which he could not read." We find that once the vehicle was properly stopped, the officer could ask to see the driver's license and registration. There is no evidence that the stop was made or prolonged in order to conduct the search.
REVERSED and REMANDED.
DIAMANTIS, J., concurs.
DAUKSCH, J., dissents, without opinion.