738 So.2d 390 (1999)
STATE of Florida, Appellant,
v.
Lawrence WIKSO, Appellee.
No. 98-2481.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Christopher A. Haddad, Assistant Public Defender, West Palm Beach, for appellee.
FARMER, J.
During pretrial proceedings on charges of possession of cocaine, the defendant moved to suppress the cocaine. Without taking any testimony on the suppression motion, the trial court instead reviewed the probable cause affidavit and granted the motion. We reverse.
The affidavit alleged the following facts. An officer effected a traffic stop of *391 defendant because he was displaying an improper license tag. As the officer informed defendant of the reason for the stop, he noticed defendant making movements by reaching behind his back with his right hand. The officer asked defendant to step out of the vehicle "for officer safety." As defendant left the vehicle, the officer observed in plain view in the driver's-side door handle an off-white substance that he suspected to be cocaine. The substance tested positive for cocaine and the officer placed defendant under arrest. Purely on the basis of these "facts" established by the probable cause affidavit, the court granted the motion and dismissed the case.
Although a trial court's ruling on a motion to suppress comes to an appellate court presumed correct, see Murray v. State, 692 So.2d 157, 159 (Fla.1997), the appellate court must decide for itself whether the facts relied on by the trial court support its legal conclusions. In this instance they do not.
The State argues that the initial stop of the defendant's vehicle was proper because the officer was unable to read the tag when he effected the stop. Because the initial stop was proper, the state argues, the officer was justified in requesting that defendant exit the vehicle. Once defendant opened the door and revealed the contraband to plain view, the resulting seizure of the contraband and arrest were proper.
Defendant concedes that the facts disclose that the officer was initially unable to read the tag. Yet he maintains that when the tag became legible as the officer approached the stopped vehicle, the encounter should have been terminated. In Stanley v. State, 559 So.2d 460, 461 (Fla. 4th DCA 1990), we held that:
"Once a motor vehicle has been lawfully detained for a traffic violation, the police officer may order the driver to exit the vehicle without violating the fourth amendment's proscription of unreasonable searches and seizures. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). This is a reasonable part of police procedure balancing the safety of the officer against the intrusion into the driver's personal liberty. Furthermore, when the police have a reasonable belief, an articulable suspicion, that the suspect poses a danger, and roadside encounters between police and suspects are especially hazardous, a protective search is justified. Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." [c.o.]
559 So.2d at 461. Similarly, in State v. Bass, 609 So.2d 151 (Fla. 5th DCA 1992), under similar circumstances, the court held that "once the vehicle was properly stopped, the officer could ask to see the driver's license and registration." 609 So.2d at 152.
Because the only "evidence" considered by the trial court entirely supported the stop, seizure and arrest in this case, the trial court erred in holding the seizure and arrest invalid.
REVERSED.
POLEN and KLEIN, JJ., concur.