753 So.2d 679 (2000)
Tragus PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1122.
District Court of Appeal of Florida, Second District.
March 15, 2000.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Tragus Palmer (Palmer) challenges his conviction for possession of cocaine, entered after he pleaded no contest while reserving his right to appeal the denial of his dispositive motion to suppress. Because the police continued to detain Palmer after the justification for the initial stop had ended, we reverse.
At midnight on October 19, 1998, Manatee County Sheriff's Deputy Harris saw Palmer sitting in his car in a motel parking lot speaking with two other men. As Deputy Harris drove up, Palmer drove away and the two men went into one of the motel rooms. Palmer's car had a temporary license tag properly displayed in the rear license plate bracket on the back bumper of the car; however, Deputy Harris was unable to read the expiration date of the tag in the dark motel parking lot. Deputy Harris followed Palmer from the parking lot onto a lighted street in an effort to read the expiration date on the license tag. When he still could not read the expiration date, Deputy Harris stopped Palmer due to the possibly expired license tag.
*680 As Deputy Harris approached the rear of Palmer's car, he was able to read the license tag and could see that it had not expired. Despite having resolved the issue that originally justified the traffic stop, Deputy Harris continued the stop, requesting Palmer's license and registration. When Deputy Harris discovered that Palmer had a suspended driver's license, he decided to cite Palmer for driving with a suspended license. While completing the citation, Deputy Harris asked Palmer for consent to search Palmer's car. Palmer refused. Deputy Harris then called a "sniff dog" to the scene. The "sniff dog" alerted to Palmer's car, and the police subsequently found cocaine in the car. It is this cocaine that Palmer sought to suppress.
Deputy Harris was originally justified in stopping Palmer because of the possibly expired temporary license tag. However, once Deputy Harris determined that Palmer's license tag had not expired, the justification for the stop ended and Palmer should have been free to leave. Palmer's continued detention after the justification for the stop ended was illegal. See Powell v. State, 649 So.2d 888, 889 (Fla. 2d DCA 1995). Because the cocaine was found and seized after the stop became illegal, we reverse the trial court's denial of Palmer's motion to suppress.
Our decision renders Palmer's remaining arguments moot; however, we write to point out a procedural error made by the trial court during the hearing on Palmer's motion to suppress. At the beginning of the hearing, the State declined to present any evidence, but offered to "go on the facts as alleged in the motion to suppress." Palmer objected and refused to stipulate to the facts as alleged in his motion. Despite Palmer's objection, the trial court accepted the State's "stipulation" to the facts alleged in Palmer's motion, and the State rested its case without presenting any evidence. Palmer then testified on his own behalf and called his mother and Deputy Harris to testify. The State cross-examined the defense witnesses, including Deputy Harris.
This court has held that the defendant has the burden to prove that a search is invalid; however, once the defendant establishes that the search was conducted without a warrant, the burden shifts to the State to produce clear and convincing evidence that the warrantless search was legal. See State v. Lyons, 293 So.2d 391, 393 (Fla. 2d DCA 1974). In this case, there was no dispute that Palmer had been subjected to a warrantless search. Therefore, the State had the burden to prove by clear and convincing evidence that the search was legal. Id. Palmer refused to stipulate that the facts alleged in his motion were true, and Palmer's motion does not constitute evidence. See State v. Hinton, 305 So.2d 804, 807 (Fla. 4th DCA 1975). Therefore, since the State produced no evidence that the search was legal, the State failed to carry its burden of proof. Id. at 808 (noting that because the State failed to present any evidence, the trial court had no alternative but to grant the defendant's motion to suppress). The trial court's decision to relieve the State of its burden of proof resulted in Palmer being required to prove the search invalid, rather than the State being required to prove the search valid. This shift in the burden of proof was improper.
Reversed with directions to the trial court to dismiss the case.
CAMPBELL, A.C.J., and SALCINES, J., Concur.