800 So.2d 326 (2001)
Johnny DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3542.
District Court of Appeal of Florida, Second District.
November 14, 2001.
James Marion Moorman, Public Defender, Bartow, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Johnny Diaz challenges his conviction and sentence for felony driving with a suspended license. He argues that the trial court erred in denying his motion to suppress the identification evidence he provided the police when stopped. We agree and reverse.
A Hillsborough County Deputy Sheriff observed a vehicle driven by Diaz pass by with a temporary tag on the top of the rear window. Because he could not read the tag, the deputy initiated a traffic stop. At the suppression hearing, the deputy testified that as he approached the car he could clearly read the tag including the expiration date and found nothing improper. *327 He walked up to the driver's side of the car and obtained information from Diaz, the driver, which ultimately led to the charge against Diaz of felony driving with a suspended license.
These facts are almost identical to those in Palmer v. State, 753 So.2d 679 (Fla. 2d DCA 2000), in which this court determined that once the officer found the temporary tag to be proper, no further stop or inquiry was justified. The court there stated: "However, once Deputy Harris determined that Palmer's license tag had not expired, the justification for the stop ended, and Palmer should have been free to leave. Palmer's continued detention after the justification for the stop ended was illegal." Id. at 680. Accordingly, we reverse Diaz's conviction.
However, because the Fourth District in State v. Wikso, 738 So.2d 390 (Fla. 4th DCA 1999), and the Fifth District in State v. Bass, 609 So.2d 151 (Fla. 5th DCA 1992), appear to have reached a conclusion contrary to our decision in Palmer, we also certify conflict with Bass and Wikso.
Reversed.
PARKER, A.C.J., and SALCINES, J., Concur.