DAVIS, Judge.
William Borys challenges his convictions and sentences for driving while license suspended or revoked as a habitual offender and obstructing or opposing an officer without violence. Borys argues that the police officer detained him without justification after determining that the temporary tag attached to the car was valid and that the information obtained after the improper detention must be suppressed. Further, since the detention was improper, Borys argues that he could not be charged with obstructing an officer without violence by his attempting to leave the officer. We agree and reverse.
A Tampa police officer stopped Borys for the improper display of a temporary *205 tag. Although the tag was attached to the inside of the rear window, the officer could not read the expiration date while driving behind Borys’ vehicle and concluded that the tag was improperly displayed. As he approached the car, the officer was able to read the expiration date and determined that the tag was valid. After making this determination, the officer approached the car and asked for Borys’ driver’s license and vehicle registration. Borys produced an identification card and the officer returned to his patrol car to perform a license check. While the officer was in the patrol car, Borys exited his car and attempted to flee on foot. Borys was charged with driving while license suspended or revoked as a habitual traffic offender and with obstructing or opposing an officer without violence.
Borys moved to suppress everything that was learned or happened after the officer determined the expiration date of the tag. He argued that any further detention after that point was an illegal stop and that the information learned from the improper inquiry must be suppressed. Borys suggested to the trial court that Palmer v. State, 753 So.2d 679 (Fla. 2d DCA 2000), is applicable to the instant facts. The State argued, and the trial court agreed, that Palmer was distinguishable because the officer stopped Borys for the improper display of a tag whereas Palmer was stopped to investigate the possibility of an expired tag. The trial court denied the motion to suppress. Borys entered his plea of no contest, reserving the right to appeal the denial of the motion to suppress.
The facts here are almost identical to those in Palmer, 753 So.2d 679, and Diaz v. State, 800 So.2d 326 (Fla. 2d DCA 2001). In Diaz, this court, applying the rule of law established in Palmer, held that once the officer determined that the temporary tag was valid, no further stop or inquiry was justified. Accordingly, once the officer here determined that Borys’ temporary tag had not expired, Borys should have been free to leave. Because both the officer’s determination that Borys’ license was suspended and Borys’ fleeing the scene occurred after the officer had discovered that the tag was valid, the trial court erred in denying the motion to suppress.[1]
The trial court attempted to distinguish Palmer by finding that Borys’ temporary tag was not displayed in accordance with section 320.131(4), Florida Statutes (2000), and therefore, the justification for the stop did not end when the officer determined that the tag had not expired. The trial court concluded that section 320.131(4), which provides that temporary tags be “conspicuously displayed in the rear license plate bracket or attached to the inside of the rear window in an upright position so as to be clearly visible from the rear of the vehicle,” requires the expiration date of the temporary tag to be readable to a police officer riding in a car behind the defendant’s car. The plain language of the statute, however, makes no such requirement. Therefore, the facts of the stop in this case are indistinguishable from those in Palmer and Diaz, and accordingly, we must reverse.
WHATLEY and COVINGTON, JJ„ Concur.

. While an improper stop would not negate a charge of opposing an officer with violence, § 776.051(1), Fla. Stat. (2000); K.Y.E. v. State, 557 So.2d 956 (Fla. 1st DCA 1990), because Borys was charged with opposing without violence for fleeing after the stop was no longer justified, the trial court should have suppressed evidence of his fleeing.