PER CURIAM.
Reginald L. Greenlee appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm, but do so without prejudice to the defendant to file a more detailed motion.
The motion for postconviction relief filed by defendant-appellant Greenlee claimed that defendant-appellant Greenlee’s trial counsel had been ineffective for failing to prepare a defense based on Diaz v. State, 800 So.2d 326 (Fla. 2d DCA 2001), review granted, 819 So.2d 139 (Fla.2002). As the trial court correctly pointed out, the Diaz decision was announced after the defendant entered his plea, and the original trial counsel could not be faulted for failing to rely on a decision not yet announced.*
On appeal it is now contended that the motion really meant that the original trial counsel should have relied on the authorities cited within the Diaz decision. But that is not what the Rule 3.850 motion said, and there is no indication that this argument was made in the trial court.
As the State’s response points out, there is no factual statement in the Rule 3.850 motion outlining the facts of the defendant’s case. Since the record has not been properly developed, nor the legal issues squarely presented to the trial court, we affirm the trial court’s order, with leave to the defendant to file an amended motion.
Affirmed.

 Although not mentioned in the motion, other opinions on the issue include State v. Wilcso, 738 So.2d 390 (Fla. 4th DCA 1999); State v. Bass, 609 So.2d 151 (Fla. 5th DCA 1992); and L.W. v. State, 538 So.2d 523 (Fla. 3d DCA 1989).