# Third District Court of Appeal

## State of Florida

Opinion filed June 21, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-430
Lower Tribunal No. 14-20811
_____

**Luz Mery Salcedo,**
Appellants,

vs.

**Wells Fargo Bank, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Easley Appellate Practice PLLC and Dorothy F. Easley; Austin Carr (Fort Lauderdale), for appellant.

Stearns Weaver Miller Weissler Alhadeff & Sitterson and Marissa D. Kelley (Fort Lauderdale), for appellee.

Before ROTHENBERG,[1] SALTER and LOGUE, JJ.

SALTER, J.

_____

[1]  Judge Rothenberg did not participate in oral argument in this case.

Luz Salcedo, plaintiff below, appeals the circuit court's final judgment dismissing her third amended complaint[2] against Wells Fargo Bank, N.A. ("Wells Fargo"), with prejudice. We affirm in part, reverse in part, and remand the case for further proceedings. The legal issues in the case are sufficiently novel to warrant description and analysis. These issues are:

1. Whether a judgment creditor has a statutory cause of action for negligence, or a cause of action for spoliation, against a garnishee which identifies and "places a hold" on a safe deposit box over which the judgment debtor has control, if the garnishee nevertheless allows unauthorized access to the safe deposit box and removal of its contents in breach of the garnishee's statutory duty.

2. Whether a subsequent discharge of the underlying judgment in the bankruptcy of the judgment debtor precludes further prosecution of the judgment creditor's claim or claims against the errant garnishee.

3. If such a claim survives the discharge in bankruptcy of the judgment debtor, whether (a) the claim must be prosecuted as part of the garnishment in the original lawsuit, or (b) the claim may be prosecuted as a new and independent lawsuit against the garnishee. Restated, is a final judgment in garnishment—which did not adjudicate Ms. Salcedo's later claim of negligence relating to the contents of the safe deposit box—res judicata as to that negligence claim?

---

[2] We refer to the third amended complaint, the operative complaint for purposes of our analysis, as the "complaint."

2

## I.    Allegations and Procedural Background

The complaint in the present action ("2014 Case") followed Ms. Salcedo's lengthy efforts in a prior case ("2006 Case") to recover $1,025,000.00 she had invested with Felix Rodriguez in 2003.  In 2006, Ms. Salcedo filed a circuit court lawsuit alleging fraud, breach of fiduciary duty, and other claims.  In March 2012, Ms. Salcedo obtained a final judgment against Mr. Rodriguez's widow, Maria Renzi de Rodriguez,[3] both individually and in her capacity as personal representative of the estate of Felix Rodriguez, for $895,500.00.

### A.    Garnishment and the Safe Deposit Box

As part of her effort to collect the judgment against Ms. Renzi, Ms. Salcedo served a writ of garnishment in the 2006 Case on the appellee, Wells Fargo, in July 2012.  In August 2012, Wells Fargo filed an amended answer as garnishee disclosing two bank accounts (with collective balances of $2,078.41) in Ms. Renzi's name, as well as a safe deposit box in the name of "Maria C. Renzi, Jorge A. Villasmil, Jr., Marion Cecilia Villasmil."[4]  Wells Fargo's amended answer reported that Wells Fargo "has placed a 'hold' on the Safe Deposit Box in

---

[3]  Maria Renzi de Rodriguez was also known as Maria Cruz Renzi.  She is referred to in this opinion as "Ms. Renzi."

[4]  The Villasmils are Ms. Renzi's son-in-law and daughter.  Ms. Renzi, her son-in-law, and her daughter each had the right to enter the safe deposit box until Wells Fargo was served with the writ of garnishment and placed the hold on the box and its contents.

accordance with Chapter 77, and primarily Section 77.06(2) and (3), Florida Statutes."

Later that month, the trial court entered (a) a "Final Garnishment Judgment" requiring payment of Ms. Renzi's funds from the two accounts to Ms. Salcedo, and (b) on the same day, an order directing Wells Fargo to open the safe deposit box to permit Ms. Salcedo to inventory the contents, and to "make available for inspection and copying any and all records, including original signatures, if available, showing who, if anyone, has had access to the safe deposit box since the commencement of this action on February 22, 2006." The order for the inventory of the safe deposit box required the property in the box to be "held in the safe deposit pending further order of this court."

However, when counsel for Ms. Salcedo arrived at the Wells Fargo branch ready to inventory the contents of the safe deposit box and to review the records regarding it, she was informed for the first time that the contents of the box had been removed and Ms. Renzi's account closed—well after Wells Fargo was served with the writ of garnishment.

B.  Ms. Renzi's Bankruptcy

Five days after the order regarding the safe deposit box and discovery that Ms. Salcedo's son-in-law and daughter were given access to the box (despite Wells Fargo's representation that a "hold" would be in effect), Ms. Renzi filed a

4

liquidating bankruptcy under Chapter 7 of the United States Bankruptcy Code. Initially, Ms. Salcedo appeared in the bankruptcy case and filed an adversary complaint objecting to Ms. Renzi's discharge as to Ms. Salcedo's unsatisfied 2012 judgment against Ms. Renzi. Ultimately, however, Ms. Salcedo abandoned that complaint in the bankruptcy case and Ms. Renzi obtained a discharge of indebtedness under 11 U.S.C. §727.

Wells Fargo maintains that Ms. Renzi's discharge included the judgment against her held by Ms. Salcedo, such that there is no longer a judgment that can be collected in her 2014 Case against Wells Fargo. Ms. Salcedo argues that the claim against Wells Fargo accrued before Ms. Renzi's discharge was obtained, and that it is an independent claim to recover the value of funds or property taken from the safe deposit box that was on "hold," in the garnishment, and that would have been turned over to Ms. Salcedo "but for" Wells Fargo's mistake.[5]

Ms. Renzi's son-in-law and daughter, the Villasmils, opened a safe deposit box in their names only days after Ms. Renzi's bankruptcy filing. Ms. Salcedo obtained an order for an inventory of that safe deposit box as well, and the

---

[5] Section 77.14, Florida Statutes (2012), "Disposition of property surrendered by garnishee," provides that personal property of the judgment debtor in the possession or control of the garnishee is to be received by the sheriff and sold under the execution against the judgment debtor. If the Villasmils claimed an interest in the property held by Wells Fargo as garnishee, section 77.16 would have required them to provide an affidavit to that effect and the issue would have been tried to a jury or the court.

inventory was prepared on December 12, 2012, but the complaint does not address whether Ms. Salcedo obtained the contents of that second safe deposit box.

### C.    The 2014 Case Against Wells Fargo

Ms. Renzi obtained her bankruptcy discharge in late 2013.  Ms. Salcedo then filed the 2014 Case against Wells Fargo and its branch manager for negligence and spoliation.  The complaint asserted two counts: "general negligence" based on Wells Fargo's (and its branch manager's)[6] failure to supervise access to the safe deposit box despite the "hold" it represented would be in effect in its garnishment response, and "spoliation of evidence," alleging that the loss of the contents of the safe deposit box constitutes spoliation of evidence under Public Health Trust of Dade County v. Valcin, 507 So. 2d 596 (Fla. 1987).  The negligence claim alleged a breach of duty by Wells Fargo under the garnishment law.

Ultimately the complaint was dismissed with prejudice for failure to state a legally sufficient cause of action.  This appeal followed.

### II.    Analysis

In reviewing an order dismissing a complaint with prejudice, "[w]e assume that all allegations in the complaint are true, and we construe all reasonable inferences from those allegations in favor of [the plaintiff]."  Greene v. Times

---

[6]  Ms. Salcedo has not appealed the dismissal of the claims against the branch manager.

6

Publ'g Co., 130 So. 3d 724, 728 (Fla. 3d DCA 2014) (citing United Auto. Ins. Co.

v. Law Offices of Michael Libman, 46 So. 3d 1101, 1103–04 (Fla. 3d DCA 2010)).

Our review for legal sufficiency in such a case "is limited solely to the complaint

at issue and its attachments." Santiago v. Mauna Loa Invs., LLC, 189 So. 3d 752,

756 (Fla. 2016).

We next address in order the three issues identified at the outset of this

opinion.

### A.    First Issue: Cause of Action

Section 77.06(1) and (2), Florida Statutes (2012), imposed a statutory duty

upon Wells Fargo to secure the safe deposit box of Ms. Renzi, and thus any

property within it, upon service of the writ of garnishment on July 13, 2012:

> (1) Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer. Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control.
>
> (2) The garnishee shall report in its answer and retain, subject to the provisions of s. 77.19 and subject to disposition as provided in this chapter, any deposit, account, or tangible or intangible personal property in the possession or control of such garnishee; and the answer shall state the name or names and addresses, if known to the garnishee, of the defendant and any other persons having or appearing to have an ownership interest in the involved property.

7

The service of the writ on Wells Fargo thus (a) rendered the bank liable as garnishee for the tangible property in the safe deposit box under the bank's control, and (b) created a statutory lien on that property. In re Giles, 271 B.R. 903, 906 (Bankr. M.D. Fla. 2002). The bank should have denied, but did not, further access to the safe deposit box pending service of its answer to the writ and a court directive regarding further disposition of the contents of the safe deposit box.

Wells Fargo's amended answer to the writ on August 8, 2012, stated that the bank held certain funds of Ms. Renzi and that it "has placed a 'hold' on the Safe Deposit Box" in her name. In fact, however, Wells Fargo's records indicated that it had allowed the safe deposit box to be closed on August 4, 2012, and the contents to be removed.

The liability of a garnishee bank for funds of its customer (the judgment debtor) negligently allowed to be withdrawn following service of the writ is clear. Dixie Nat'l Bank v. Chase, 485 So. 2d 1353 (Fla. 3d DCA 1986); Sun Bank/N. Fla Nat'l Ass'n v. Bisbee-Baldwin Ins. Co., 559 So. 2d 351 (Fla. 1st DCA 1990). That liability also has been found to extend to attorneys holding funds of the judgment debtor. Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc., 982 So. 2d 628, 641 (Fla. 2008). There is no reason to apply a different interpretation of section 77.06 when tangible property in a safe deposit box, rather than the balance of a deposit account, is negligently released by the garnishee. Wells Fargo

8

suggests that there is no private cause of action created by section 77.06, but we disagree. The statute does more than merely make provision to secure the safety and welfare of the public; rather, it protects a garnishor/judgment creditor's lien and rights to funds and property of the debtor upon service of the writ. See Murthy v. N. Sinha Corp., 644 So. 2d 983 (Fla. 1994); Arnold, Matheny & Eagan, P.A., 982 So. 2d at 633.

The complaint included a second alleged cause of action—spoliation of evidence by Wells Fargo in allowing the release of the contents of the safe deposit box when those contents should have been restricted by Wells Fargo and held for disposition by the court. In support of this theory of liability, Ms. Salcedo cites Public Health Trust of Dade County v. Valcin, 507 So. 2d 596 (Fla. 1987), and Martino v. Wal-Mart Stores, Inc., 908 So. 2d 342 (Fla. 2005). As these cases make clear, however, when spoliation is asserted against a negligent defendant in a particular case ("first-party spoliation of evidence," Martino, 908 So. 2d at 346), the remedy is not an independent cause of action, but rather a rebuttable presumption of negligence on the part of the defendant.[7]

---

[7] Valcin and Martino address other remedies available in the case of evidence lost through intentional acts of the defendant (sanctions, for example). There is no allegation in the present case that Wells Fargo intentionally sought to release property to, or for the benefit of, the judgment debtor in contravention of the writ of garnishment, the garnishor's statutory lien, and Wells Fargo's statutory duty.

9

At this procedural point, we do not address Ms. Salcedo's entitlement to such a presumption. We do, however, affirm the trial court's dismissal with prejudice as to Count II of the complaint insofar as Count II sought to plead a separate cause of action against Wells Fargo for spoliation.

The more difficult question in the present case is how Ms. Salcedo can establish the value of any property in the safe deposit box when Wells Fargo negligently permitted the property to be removed and the box to be closed. Ms. Salcedo's complaint alleges in Count I (negligence) that Wells Fargo's breach of its duty after service of the writ of garnishment "significantly impaired Salcedo's ability to prove that the contents were property of Maria Renzi and also what the specific contents of the box were and thus, the full value of any of Maria Renzi's property in the safe deposit box."

In Count II (the legally insufficient attempted spoliation claim),[8] Ms. Salcedo similarly alleged that the unjustified release of the contents of the safe deposit box prejudiced Ms. Salcedo's "effort to prove the contents of the box and their value." In the absence of unlikely admissions by Ms. Renzi, her daughter, and her son-in-law or a specific inventory of the contents of the box before Wells

---

[8] While the spoliation claim is insufficient as an independent cause of action, paragraphs 15 and 16 of the complaint do claim the benefit of the Valcin evidentiary presumption.

Fargo allowed entry and removal of the contents, proof of damages may be daunting.

That proof, however, is not for assessment at the current procedural point. Hochman v. Lazarus Homes Corp., 324 So. 2d 205, 206 (Fla. 3d DCA 1975) ("A motion to dismiss is not a proper method of attacking a complaint that is insufficient only in that the elements of damage are improper or insufficiently alleged.").

Ms. Salcedo might ultimately obtain discovery or prove that property in the daughter's and son-in-law's safe deposit box was Ms. Renzi's property and in her safe deposit box at the time the writ of garnishment was served. But the amount of damages is not at issue at the motion to dismiss stage of the proceedings. Shands Teaching Hosp. v. Beech St. Corp., 899 So. 2d 1222, 1229 (Fla. 1st DCA 2005). The complaint was not subject to dismissal with prejudice on grounds that no damages can be shown.

### B. Second Issue: Ms. Renzi's Discharge in Bankruptcy

Wells Fargo argues that the judgment debt of Ms. Renzi was discharged in her bankruptcy, thus eliminating any liability of Wells Fargo to Ms. Salcedo as judgment creditor. We disagree. With her discharge, Ms. Renzi obtained a release from further attempts by Ms. Salcedo to collect from Ms. Renzi on the judgment. The bankruptcy discharge had no effect on the right of Ms. Salcedo to collect from

11

Wells Fargo for the bank's negligent release of the safe deposit box contents before the bankruptcy petition was filed. The negligence claim by Ms. Salcedo against Wells Fargo is not property of the debtor subject to administration in Ms. Renzi's bankruptcy estate. See 11 U.S.C. § 541(a)(1).

Ms. Salcedo's filing of an adversary complaint objecting to Ms. Renzi's discharge, and Ms. Salcedo's subsequent abandonment of that complaint, was not an adjudication of any claim by Ms. Salcedo against Wells Fargo. Had that adversary complaint been successful, it would have allowed Ms. Salcedo to continue collection actions against Ms. Renzi and her property, but would have had no effect on Ms. Salcedo's claims against Wells Fargo. See 11 U.S.C. §§ 523, 524(e); Daniels v. Sorriso Dental Studio, LLC, 164 So. 3d 778 (Fla. 2d DCA 2015).

Finally, as already noted, service of the writ of garnishment on Wells Fargo before the bankruptcy created a lien on the property in Ms. Renzi's safe deposit box. In re Giles, 271 B.R. at 906. Ms. Renzi's discharge in bankruptcy voided any personal liability she might have as judgment debtor, but did not discharge or vacate the lien encumbering any property in the safe deposit box created when the writ was served. In re Branam, 476 B.R. 333, 337 (Bankr. S.D. Fla. 2012) (concluding that lien rights on property of the debtor survive the debtor's discharge in a Chapter 7 case).

Ms. Salcedo's claim against Wells Fargo is unaffected by Ms. Renzi's discharge in bankruptcy and by Ms. Salcedo's abandoned objection to the dischargeability of the judgment.

### C.     Third Issue: Alleged Res Judicata

Wells Fargo argues that Ms. Salcedo's claim under the garnishment statute was required to be brought in the 2006 Case (in which Ms. Salcedo obtained her judgment against Ms. Renzi) rather than in the new, independent lawsuit against Wells Fargo (the 2014 Case). Wells Fargo maintains that the August 2012 "Final Garnishment Judgment" obtained by Ms. Salcedo "foreclosed any further action against the Bank based upon it."

The Final Garnishment Judgment in the 2006 Case does not address the safe deposit box, however—it addresses only the bank accounts, as to which there was no controversy. At the time of the final judgment relating to those accounts, the trial court also entered the order providing for the inventory of the safe deposit box. Ms. Salcedo did not learn of Wells Fargo's error in allowing removal of the contents of the safe deposit box until the inventory could be scheduled and conducted. The "Final Garnishment Judgment" was not a final adjudication with respect to the safe deposit box.

Wells Fargo cites no authority, and we have found none, suggesting that a claim against a negligent bank for a breach of its duty under section 77.06, Florida

Statutes, can only be brought in the underlying action by the plaintiff/judgment creditor/garnishor against the defendant/judgment debtor (as opposed to a separate and later claim brought by the plaintiff/judgment creditor/garnishor against only the errant garnishee). The purpose of the judgment referred to by section 77.083, Florida Statutes (specifying that a final judgment shall be entered for the amount of the garnishee's liability on the garnishee's answer), is to allow transfer of the funds held by the garnishee for the judgment debtor to the garnishor. The garnishee's liability for its negligence in allowing money or property to slip away after service of the writ may not be susceptible of liquidation without additional pleadings, discovery and trial.

And so it is in the present case. The 2006 Case between Ms. Salcedo and Ms. Renzi has concluded, but the 2014 Case by Ms. Salcedo against Wells Fargo is still at the pleadings stage. Upon remand, Ms. Salcedo will be entitled to prosecute her claim for negligence for damages for the value of any of Ms. Renzi's property in the safe deposit box subject to the garnishment (and to seek the benefit of the Valcin evidentiary presumption), not to exceed the judgment debt owed by Ms. Renzi. Wells Fargo will be entitled to raise any affirmative defenses it may have, and discovery may shed light on Wells Fargo's error and the property allowed to be removed from the safe deposit box. That claim, and those facts, have not

14

previously been adjudicated so far as is revealed in the record before us. We express no opinion as to the ultimate merits or result of the 2014 Case on remand.

III.    Conclusion

The complaint stated a legally sufficient cause of action for negligence against Wells Fargo in Count I. We reverse and remand the case for further proceedings on that claim. We affirm the dismissal with prejudice insofar as Ms. Salcedo sought to establish a separate cause of action against Wells Fargo for spoliation in Count II (as opposed to Ms. Salcedo's claim to a rebuttable presumption under the Valsin and Martino cases, detailed elsewhere in this opinion).

Affirmed in part, reversed in part, and remanded for further proceedings.